Jack **DARTER**, Plaintiff,

v.

Wilbur J. **COHEN**, Secretary Health, Education & Welfare, Defendant.

**Civ. A. No. 68-C-99-A.**

United States District Court
W. D. Virginia,
Abingdon Division.

May 19, 1969.

Hugh P. Cline, Cline & McAfee, Norton, Va., for plaintiff.

William C. Breckinridge, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

■ Jack Darter, the claimant, brings this action under section 205(g)

of the Social Security Act, 42 U.S.C.A. § 405(g), for review of a decision of the Secretary of Health, Education and Welfare, which found that the claimant was not entitled to a period of disability or disability insurance benefits under the Social Security Act, as amended, 42 U.S.C.A. § 416(i) and 423 (Supp.1969). Under section 205(g) of the Act this court may not disturb the findings of the Secretary if they are supported by substantial evidence. 42 U.S.C.A. § 405(g), Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962). For the reasons which follow, we find that the decision of the Secretary is supported by substantial evidence, and hence, it is affirmed.

The claimant, presently 44 years of age, has been employed for most of his working life as a motorman for coal companies, with the exception of military service with the Army from 1943–1946 and the Air Force from 1952–1956. During the period in the Air Force the claimant described his duty as a truckdriver. Mr. Darter alleges that he has been unable to work since February 2, 1966, because of a back condition, nervousness, and being hard of hearing; and that he is limited to light work around his home.

The decision of the hearing examiner, which ultimately became the final decision of the Secretary, held that the claimant was not under a "disability" [1] at any time prior to August 5, 1968, the date of the decision. This decision found that no impairment existed of the severity as to preclude the claimant from engaging in substantial gainful activity at his customary occupation, that of a motorman in the mines. This find-

---

1. As defined in the Social Security Act, the term "disability" means—
   (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months * * *.
   * * * * * *

For purposes of paragraph (1) (A) (A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such

ing was based upon the testimony of the claimant and his wife, before the hearing examiner, coupled with medical evidence contained in the record.

The medical evidence in the record dates from July, 1965 through June, 1968 and consists of five medical reports. These reports show osteoarthritis to be the predominant cause of the claimant's complaints. However, most of the medical evidence relative to the osteoarthritis evaluates this impairment in moderate terms. The Wise Appalachian Regional Hospital reports indicate that the claimant was seen several times as an outpatient in July and August of 1965 with complaints of pain in the back, the side of the chest and nervousness. Chest x-rays made on July 26, 1965 were interpreted by Radiologist J. M. Stroughan as normal. X-rays made on August 11, 1965, of the lumbosacral spine were interpreted by Radiologist D. B. Jones as follows: "Shows moderate osteoarthritic changes of the lower fourths lumbar vertebrae more marked at L-2 and 3. There is minimal narrowing between L-2 and 3 which with the marginal spurring and sclerosis is suggestive but not conclusive of degenerative disc pathology." On August 25, 1965, Dr. Merritt B. Shobe, an orthopedic consultant made an examination of the claimant and the x-rays. Dr. Shobe stated that his "Examination shows very little at the present time from an orthopedic point of view."

The next medical evidence is that of an examination at the Veterans Administration Hospital at Johnson City, Tennessee, on September 18, 1967. This examination of the spine revealed a convex upper lumbar curve, fair forward motion, poor backward motion and no other abnormalities. On the examination date an x-ray of the lumbar spine showed the fine structure of the lumbar vertebrae and pelvis were normal and the x-ray diagnosis was osteoarthritis in the lumbar spine, but considered normal for the age group.

Claimant was also examined by the Veterans Administration facility in Roanoke, Virginia on November 3, 1967. His complaints were pain along the spine and nervousness. Examination of the back showed a flat lumbar curve, no limitation of motion in the spine in any direction, no defect in the knees, hips, or remaining joints or the body. The leg raising test was normal as were the chest x-rays. X-rays of the lumbosacral spine showed arthritic change. The diagnosis also noted a moderate anxiety reaction associated with inadequacy.

The claimant was examined on February 20, 1968 by Dr. Pierce D. Nelson, a specialist in psychiatry, at the request of the Social Security Administration. Dr. Nelson reported that the claimant was a well-developed, well-nourished male, with rough hands, fair callus formation and adequate memory and recall function. He was able to perform a simple simulated purchase of bread from the store as well as simple arithmetic. His intelligence was estimated to be in the border line defective to dull normal range. The psychiatrist suggested "a

---

work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

\* \* \* \* \*

(3) For purposes of this subsection, a "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

42 U.S.C.A. § 423(d), as amended (Cum. Supp.1969).

This amended definition applies to court decisions which have not become final before January, 1968. Pub.L. No. 90–248, § 158(e), 81 Stat. 821, § 223(e).

diagnosis of a psychoneurotic disorder mixed type with somatic conversion symptoms referable to his back, his heart, chest, and some free floating anxiety and in an individual who is mildly hysterical and who is mildly depressed." He further pointed out that the claimant's basic personality type is rather inadequate with passive aggressive personality traits seen in the immature type of individual.

On June 20, 1968 the claimant, at the request of his attorney, underwent a consultative examination by Dr. Ulysses S. Gonzalez a specialist in internal medicine. The examination revealed no limitation of motion and no active arthritis. Dr. Gonzalez's diagnosis was slight osteoarthritis and a severe anxiety state.

■ Claimant has alleged disability at the age of 41 due to a back condition, nervousness and a hearing difficulty. The record shows no evidence in support of a hearing difficulty that would entitle claimant to a favorable decision on that point. The pain the claimant experiences in his back is attributed to mild osteoarthritis as consistent with the claimant's age. The medical evidence fails to show any disability that limits the claimant in his usual occupation. No doubt the claimant's allegations of pain resulting from his back are of some validity. Pain can be a disabling affliction, Brandon v. Gardner, 377 F.2d 488 (4th Cir. 1967) but each case must turn on its own facts. In this case we conclude as did the Secretary, that the subjective evidence of pain fails to overcome the medical evidence to the contrary. Dvorak v. Celebrezze, 345 F.2d 894 (10th Cir. 1965).

■ Claimant's psychoneurotic disorder, stemming from a feeling of inadequacy, is of such a moderate degree that it falls short of what is considered disabling. No evidence of a psychosis exists, even though the claimant shows signs of anxiety. Further, the claimant has not been treated for a mental condition or hospitalized for such. Anxiety reactions in and of themselves are usually not disabling. Monday v. Celebrezze, 265 F.Supp. 528 (E.D.Tenn.1965).

■ It is to be noted that the finding of disability by the Veterans Administration, while entitled to weight, is not binding upon the Secretary. Vicars v. Gardner, 285 F.Supp. 527 (W.D.Va. 1968).

The court notes that when considering the entire record the claimant alleges his disability commenced on February 1966, but he was actively employed as a motorman in a coal mine in all quarters of 1966 and through October 1967 during which periods he earned an income comparable to his average of previous years.

The medical evidence in this case is to the effect that the claimant's physical impairments do not preclude him from performing his usual occupation. The hearing examiner so found and such finding is in the opinion of this court supported by evidence. Accordingly, the defendant's motion for summary judgment is hereby granted.