**Anna S. EPPARD, Plaintiff,**

v.

**Elliott L. RICHARDSON, Secretary
Department of Health, Education
and Welfare, Defendant.**

**Civ. A. No. 72–C–66–H.**

United States District Court,
W. D. Virginia.

March 5, 1976.

**2**

R. Toms Dalton, Jr., Allen & Dalton, Waynesboro, Va., for plaintiff.

E. Montgomery Tucker, Asst. U. S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

DALTON, District Judge.

The claimant in this action, Anna S. Eppard, filed her complaint in this court on December 8, 1972, to review a final decision of the Secretary of Health, Education, and Welfare denying her claim for disability insurance benefits and a period of disability under sections 216(i) and 223 of the Social Security Act, 42 U.S.C. § 416(i), 423. This court's jurisdiction was invoked pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Plaintiff originally filed her application for a period of disability and disability benefits on July 23, 1971 alleging that she first became unable to work on May 21, 1971 due to "spinal arthritis", a "damaged cranial system", and a "conversed pelvis".

Plaintiff's original claim was denied and she proceeded to exhaust her administrative remedies. On motion of the Secretary, this court then remanded the case for further administrative action on February 5, 1973. After receipt of additional evidence and a supplemental hearing, her claim was again denied and this finding was affirmed by the Appeals Council. This case was ordered reinstated on the docket and in a lengthy opinion and judgment dated July 19, 1974, this court again remanded the case to the Secretary for the taking of further evidence as to plaintiff's ability to engage in some form of substantial gainful employment. Leave was granted to both parties to introduce further relevant evidence. The Appeals Council, in turn, remanded the case to an Administrative Law Judge for another hearing. Further medical and vocational opinions were accepted and on April 9, 1975 another Administrative Law Judge conducted a hearing in plaintiff's case. On June 30, 1975 this Administrative Law Judge rendered a decision adverse to the plaintiff. The Appeals Council on September 29, 1975 adopted the findings and conclusions of this decision on appeal. On November 20, 1975 this case was again ordered reinstated on this court's docket. The sole issue before this court is whether the findings of the Administrative Law Judge released on June 30, 1975 are supported by substantial evidence and if they are this court must affirm or whether there is "good cause" to call for another remand of this case. 42 U.S.C. § 405(g).

Plaintiff was born on January 12, 1928 and is a high school graduate. She testified that she had worked at General Electric Company doing light assembly work from 1958–1963 and 1966–1971 and also worked for Merck Company a year and a half as a laboratory assistant. She left her job at General Electric on May 21, 1971. She is married and has three children.

Plaintiff has had an extensive medical history, having been in a hospital on numerous occasions and visited a host of doctors. Before this case was last remanded to the Secretary, this court undertook to summarize this medical evidence in its written opinion and to regurgitate this evidence now would only be redundant. For reference this court would refer those interested parties to this previous opinion. After this case was remanded on July 19, 1974, additional medical evidence was received which this court does feel constrained to discuss.

Dr. K. H. Elbirlik, a psychiatrist and neurologist at the University of Virginia Hospital, interviewed the plaintiff, but could reach no definite conclusions since the plaintiff had such a "complex background and long complicated medical history". He suggested the possibility of "psycho-physiologic musculoskeletal disorder", but stated that without further evaluation he could not make a firm diagnosis. Another neurologist, Dr. G. L. Sheppard, saw the plaintiff in his office for a neurological examination and found her to be "alert" and "oriented"

with "no gross muscle atrophy, wasting, or weakness". He concluded that the plaintiff had "no significant neurologic abnormality" and from a "neurologic standpoint she had no significant limitations on her ability to work or perform". However he noted that degenerative osteoarthritis which could be the source for her back pain is not a neurologic condition. In a functional evaluation report, Dr. Sheppard indicated plaintiff could stand or walk seven to eight hours in an eight hour work day, could lift ten pounds occasionally, and could use her hands for simple grasping, pushing and pulling, but not fine manipulation.

Orthopedic surgeon, Dr. D. V. Strider, reported his findings on December 13, 1974 from his previous examinations of the plaintiff, her past medical history, and another interview he conducted with her. Dr. Strider reported that the plaintiff "is not totally disabled" from an objective standpoint and classified her as an "anxious, depressed woman who has a lengthy history of many subjective complaints" which are "far out of proportions to any objective findings". His x-ray studies were "essentially negative" and he found her to be overweight at 154½ pounds while only five feet two inches tall. Dr. Strider opined that she "is perfectly capable of working a full eight hour day".

Another orthopedic surgeon, Dr. C. F. Woodhouse saw the plaintiff on February 6, 1975 and agreed with previous findings that she had "no neurological abnormality", but did have some "minimal osteoarthritis". He noticed a "large psychic overlay" which "makes for the continuation of her symptoms". He concluded that "she is not disabled from an orthopedic standpoint" but "is disabled from a psychiatric standpoint". Dr. Mark Myers, a general surgeon and gynecologist, who had seen the plaintiff previously wrote in a "to whom it may concern" letter of March 20, 1975 that the plaintiff was "still disabled for gainful employment". While Dr. Myers does not clearly state on what he bases this conclusion, he does stress "her complaints of disabling low back pain" and restricted and painful movement in all directions. He notes a negative neurological examination.

On remand the Appeals Council vacated its denial of the plaintiff's request for review and remanded the case to an Administrative Law Judge for another hearing at which a medical advisor and a vocational expert testified. Dr. Frank Taylor, a specialist in internal medicine, with some training in neurology, orthopedics, and psychiatry testified that the plaintiff suffered from functional disorders in the musculoskeletal system accompanied by problems of conversions. He did not find any evidence of marked restrictions in daily activities. Dr. Taylor suggested that the thrust of plaintiff's problems were "psychological" and "emotional". He stated that he believed that such a patient "is going to improve quicker if they are working" and he suggested the plaintiff go to work while "receiving mental health care at the time". On cross-examination by plaintiff's attorney, who was attempting to rectify Dr. Taylor's conclusions with those of Dr. Elbirlik, Dr. Taylor focused in more on plaintiff's psychological problems and concluded that he was in disagreement with Dr. Elbirlik if his findings were to be interpreted to suggest the plaintiff be hospitalized for psychiatric treatment. Dr. Taylor thought this could be done on an "outpatient" basis, while plaintiff was gainfully employed. Dr. Taylor didn't see that the plaintiff was psychologically disabled for social security purposes.

Dr. Earl Glosser, a vocational expert, was also present at the hearing on April 9, 1975. Dr. Glosser felt that the plaintiff could not sustain work in any significant capacity if her statements were accepted on their face. However accepting the functional limitations that Dr. Sheppard outlined, Dr. Glosser stated that the plaintiff could return to her prior job and certainly perform sedentary tasks. Dr. Glosser went on to list certain occupations plaintiff could perform if these assumptions were accepted. In her testi-

mony at the supplemental hearing, plaintiff stated that she still experienced pain and stiffness in her back, legs, hands, and joints. She stated that she suffers migraine headaches and has been somewhat nervous. She further stated that she has been restless when she sits, that she does minor housework, and does not believe she is in need of a psychiatrist.

As this court has noted, there is a wealth of medical evidence in this case and various conclusions have been reached by different doctors, some at odds with each other. The varying evidence leads this court to question the efficacy of reaching any one set conclusion concerning the data. However it is not the duty of this court to reach such a conclusion, but only to confirm that "substantial evidence" exists to support the conclusions of the Administrative Law Judge. *Laws v. Celebreeze*, 368 F.2d 640 (4th Cir. 1966).

On remand after July 19, 1974, the Administrative Law Judge found that the claimant's chief allegations of musculoskeletal joint pain and intractable headaches were not objectively substantiated and that the medical evidence, even when considered in combination, does not establish her inability to engage in substantial gainful employment. The Administrative Law Judge's findings were vague as to plaintiff's mental impairments.

As this court stated in its previous opinion in this case the plaintiff has gone a long way to establishing her case for total disability. However the evidence convincingly establishes that plaintiff's physical incapacities are not supported by objective medical findings. Furthermore mere subjective evidence of pain cannot itself overcome medical evidence to the contrary. *Darter v. Cohen*, 299 F.Supp. 473 (W.D.Va.1969), *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971). It is clear that we are dealing in this case with a claimant who also has mental or psychological difficulties. The Social Security Act certainly covers such an impairment. 42 U.S.C. § 423(d)(3). In *Wyatt v. Weinberger*, 519 F.2d 1285 (4th

Cir. 1975), the Fourth Circuit held that a claimant had made out a prima facie case of disability due to mental impairment when she showed (1) that her own doctor considered her "disabled from a standpoint of nerves" (2) that her past medical history and the subjective testimony of herself and her husband were consistent with her physician's conclusion, and (3) that the diagnosis of a psychiatrist she consulted was also consistent with a finding of psychological disability. Such a showing was deemed sufficient to require the Secretary to go forward and produce substantial evidence that the claimant had sufficient residual capacity that she could perform a job in the national economy. *Lewis v. Weinberger*, # 75–1757 (4th Cir. 2–9–76).

Here, Dr. Galen Craun, an orthopedic surgeon, who saw plaintiff on different occasions, prior to this court's remand of July 19, 1974, had concluded that she was unemployable, but apparently for physical reasons. Dr. Mark Myers, another physician, who saw plaintiff at various times, also reached a similar conclusion. Plaintiff testified at each of her hearings concerning her pain in her lower back region. Each time, her husband and her daughter corroborated her story. Three psychiatrists who saw plaintiff reached varying conclusions concerning her psychological disabilities, but one, Dr. J. H. Knopp, saw her as a "person who has been largely inadequate all along" and he saw "little likelihood" that she would ever be employed again with any consistency.

However assuming that plaintiff has made out a prima facie case of mental disability under the standards of *Wyatt v. Weinberger, supra*, this court still feels constrained to find that the Secretary has by substantial evidence rebutted this presumption. The great weight of the medical evidence submitted after the remand of this case on July 19, 1974 serves to rebut this presumption. Dr. Taylor, who testified that he had some experience in psychiatry, felt that outpatient therapy for the

plaintiff while she worked would be best for her. This corroborated with the prescribed remedy of another psychiatrist who saw plaintiff before the remand, Dr. B. H. Kasinoff, and who disagreed with Dr. Knopp. Essentially, then we have a number of psychiatrists who disagree over the proper treatment for the plaintiff. However it is clear that a number of them feel that plaintiff's mental problems can be resolved while she is engaged in employment. The vocational expert at the last hearing, Dr. Glosser, listed a number of jobs which the plaintiff could take up. This court is constrained to find that sufficient evidence does exist to support the Secretary's findings. See *Gethers v. Weinberger*, 529 F.2d 515 (4th Cir. 1976), *Whiten v. Finch*, 437 F.2d 73 (4th Cir. 1971).

Accordingly, the action of the Secretary in denying plaintiff a period of disability and disability benefits is AFFIRMED and summary judgment is herein awarded to the respondent. The clerk is requested to certify a copy of this opinion to counsel for the parties involved.