774 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Margaret L. Potter, Plaintiff-Appellant,
v.
Secretary of Health and Human Services, Defendant-Appellee.
 No. 85-5041
 United States Court of Appeals, Sixth Circuit.
 9/19/85
 
 W.D.Tenn.
 AFFIRMED
 On Appeal from the United States District Court for the Western District of Tennessee
 Before: KENNEDY and KRUPANSKY, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Margaret L. Potter, appeals from the order of the District Court affirming the decision of the Secretary of the Department of Health and Human Services ('the Secretary') denying supplemental security income benefits. Appellant filed an application for supplemental security income on August 3, 1982 alleging a mental disability from a nervous condition. The Secretary denied the application initially and again on reconsideration. Appellant requested a hearing before an Administrative Law Judge ('ALJ'). The ALJ denied benefits finding that appellant did not suffer from a severe impairment which would significantly limit her ability to perform basic work-related functions. The ALJ's decision became the final decision of the Secretary when the Appeals Council denied appellant's request for review. Appellant filed a complaint in the United States District Court for the Western District of Tennessee. The District Court referred the case to a magistrate for report and recommendation. The magistrate issued a report recommending that the District Court sustain the Secretary's decision. The appellant objected to the magistrate's report. The District Court reviewed the objections and issued an order dismissing appellant's complaint and adopting the magistrate's report.
 
 
 2
 Appellant was born on October 27, 1951. Appellant has a ninth grade education and has experienced some difficulty in reading. She had worked as a unskilled laborer on several factory production lines. Her employment history includes jobs as a pants press operator for a laundry cleaners, a mold machine operator and parts inspector for a shoe company, a saw operator and lumber inspector for a fruit box manufacturing company, and a machine operator for a screen manufacturing company. Appellant has not worked since 1981. Appellant alleged disability since December 15, 1981 from nerve problems.
 
 
 3
 Appellant testified at the administrative hearing that she did not feel that she could work because of her nerves and 'trouble with [her] stomach.' Appendix at 21. Appellant also testified that her doctor had placed her on a restricted diet and that she did not have the energy to hold a job with her restricted diet and the medication that she was taking. Appellant stated she had suffered a nervous breakdown, which was related to her divorce, four years before the hearing. She stated that she quit her last job because it was getting on her nerves and she could not handle the stress and the related physical problems. Appellant testified that she gets nervous around crowds.
 
 
 4
 Appellant has a long history of psychiatric problems including chronic maladjustment and a multitude of previous drug overdoses. Dr. David C. Cook, appellant's treating psychiatrist, had appellant admitted to a hospital in July 1982 for severe depression accompanied by decreased sleep, decreased appetite, and a six pound weight loss. Appellant responded rapidly to medication and the hospital discharged her six days later. Dr. Cook concluded that appellant suffers from a 'severe personality disorder' which he diagnosed as dysthymic disorder with mixed personality disorder. The last paragraph of his letter to the disability examiner stated:
 
 
 5
 There is no gross evidence of psychosis in this woman. She suffers from a severe personality disorder. The major problems that she would have in maintaining full time gainful employment would be work attendance. She can understand and follow through with instructions, however her stamina for employment is flawed.
 
 
 6
 Dr. Nicholas House, a clinical psychologist, conducted a psychological evaluation in July 1982 to determine whether appellant could reacquire custody of her two older children. Although Dr. House concluded that appellant needed more psychotherapy before she could handle the return of the children, he also suggested that appellant had ambivalent feelings about having her children back. The avaluation concluded: 'Psychotherapy with Mr. Potter will be difficult because of her basic hysterical approach to things and use of denial and repression. She will have to work quite hard at admitting to her own problems and dealing with them before she can make any gains.' A neurological specialist, Dr. John R. Crockarell, conducted a thorough neurological examination but did not find any abnormalities. Dr. Crockarell, however, recommended that appellant undergo a CT scan and an EEG. Neither test revealed an abnormality. Dr. Crockarell suspected that claimant's conditions had a psychophysiological origin. The record also contains some handwritten and vague notes from Dr. James W. Shore. Dr. Shore had treated appellant for dizziness, nervousness, depression, nausea, and hypoglycemia.
 
 
 7
 Appellant raises four issues on appeal: (1) Whether 20 C.F.R. Sec. 416.920(c), the severity regulation, conflicts with the Social Security Act's definition of disability; (2) Whether, assuming the severity regulation does not conflict with the definition of disability, the severity regulation requires only a de minimis threshold showing of severity; (3) Whether substantial evidence supports the ALJ's finding that appellant does not suffer from a severe impairment; and (4) Whether completion of the sequential evaluation process would have resulted in a finding that appellant was disabled.
 
 
 8
 Consistent with our opinion in Salmi v. Secretary of Health and Human Services, No. 85-1073, we hold that although the severity regulation does not conflict with the statute, an impairment qualifies as non-severe only if the impairment could not affect the claimant's ability to perform basic work activities regardless of the claimant's age, education, or work experience. Even under this standard, however, substantial evidence supports the Secretary's finding that appellant does not suffer from a severe impairment. Accordingly, we affirm the decision of the District Court.I.
 
 
 9
 In this case, the ALJ terminated the sequential evaluation process when the ALJ determined that appellant did not have a severe impairment because appellant's mental condition did not prevent her from understanding and following instructions in an ordinary work setting. Appellant asserts that 20 C.F.R. Sec. 416.920(c), the severity regulation, conflicts with 42 U.S.C. Sec. 1382c(a)(3)(B), the statutory definition of disability. For the reasons stated in our opinion in the Salmi case, we reject appellant's argument.
 
 II.
 
 10
 Appellant argues that even if the regulation does not conflict with the statute, this Court should narrowly construe the regulation. Appellant contends that 20 C.F.R. Sec. 416.920(c) imposes only a de minimis threshold requirement of severity. For the reasons stated in our opinion in the Salmi case, we hold that an impairment qualifies as non-severe only if, regardless of a claimant's age, education, or work experience, the impairment could not affect the claimant's ability to work.
 
 III.
 
 11
 Appellant argues that substantial evidence does not support the Secretary's finding that appellant does not suffer from a severe impairment. Even applying a clarified standard defining a non-severe impairment, we disagree. Under 42 U.S.C. Sec. 405(g), '[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..' The Supreme Court has defined substantial evidence as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison CO. v. NLRB, 305 U.S. 197, 229 (1938). We may not overturn the Secretary's findings unless this panel determines that substantial evidence does not support those findings. Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). The ALJ's findings of fact became the Secretary's findings when the Appeals Council allowed the ALJ's decision to stand as the final decision of the Secretary.
 
 
 12
 Appellant alleges disability from nerve problems. The evidence demonstrates that appellant has a long history of chronic depression aggravated by environmental stress from her divorce and child custody disputes. When appellant's doctor hospitalized her in July 1982 for chronic depression, however, appellant respondent rapidly and favorably to medication. Appellant's testimony shows she is capable of driving, shopping, caring for her two-year old daughter and doing housework. Such evidence supports the ALJ's conclusion that appellant does not suffer from a severe impairment.
 
 
 13
 The mere existence of mental disturbance does not per se qualify as a disability under the Social Security Act. Dunlap v. Harris, 649 F.2d 637, 638 (8th Cir. 1981). Severe anxiety or depression does not, in itself, establish eligibility for supplemental security income benefits without proof of a related functional loss. Cf. Sitar v. Schweiker, 671 F.2d 19, 20-21 (1st Cir. 1982) (social security disability benefits case). The ALJ found that 'although the medical evidence reveals that the claimant does suffer from some emotional disorder, it is not of the necessary severity to prohibit her from understanding and following instructions in an ordinary work setting.' Consequently, the ALJ concluded that the appellant did not suffer from a severe impairment because the emotional disorder did not significantly limit appellant's ability to perform basic work-related functions. Appellant asserts that the ALJ failed to consider other mental abilities such as use of judgment, responding appropriately to supervision, co-workers and usual work situations, and dealing with changes in a routine work setting. 20 C.F.R. Sec. 416.921(b). The record, however, does not contain any evidence of limitations on these functions. A supplemental security income claimant bears the ultimate burden of proof on the issue of disability. Cf. Richardson v. Heckler, 750 F.2d 506, 509 (6th Cir. 1984) (social security disability benefits case). Appellant has failed to meet her burden by presenting evidence of a severe disability.
 
 
 14
 The ALJ decided not to accept claimant's allegations of a disabling impairment because the medical evidence did not support the allegation. In Harris v. Heckler, 756 F.2d 431, 436 (6th Cir. 1985), this Court acknowledged that an ALJ may permissibly conclude that a witness' testimony is not credible, even if the record does not contradict the witness' testimony. See Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383, 386 (6th Cir. 1978). Consequently, the ALJ could property disregard the appellant's and her sister's testimony.
 
 
 15
 In this case, the ALJ commented that 'although the claimant suffers from some emotional problems, such disorder has not reached the point of severity as to prevent all substantial activity.' Although such language indicates that the ALJ may have imposed a more stringent requirement at the severity level than our interpretation of the severity regulation in the Salmi case, the ALJ made a specific finding that: 'The claimant does not have an impairment or impairments which significantly limit her ability to perform basic work related functions; therefore, the claimant does not have a severe impairment (20 CFR 416.921).' We hold that substantial evidence supports this finding.
 
 IV.
 
 16
 Finally, appellant argues that the Secretary would have awarded disability benefits if the Secretary would have completed the sequential evaluation process. This Court need not address this issue. Since we hold that substantial evidence supports the Secretary's finding that appellant did not suffer from a severe impairment, the ALJ properly terminated the sequential evaluation process after finding that appellant does not suffer from a severe impairment.
 
 
 17
 Accordingly, the District Court order dismissing appellant's complaint is affirmed.