Pauline M. PELLETIER,
Plaintiff-Appellee,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE,
Defendant-Appellant.

No. 75–1262.

United States Court of Appeals,
First Circuit.

Argued Oct. 6, 1975.

Decided Nov. 7, 1975.

Karen K. Siegel, Atty., Appellate Section, Civ. Div., Dept. of Justice, with whom Rex E. Lee, Asst. Atty. Gen., William J. Deachman, U. S. Atty., and William Kanter, Atty., Appellate Section, Civ. Div., Dept. of Justice, were on brief, for appellant.

John E. Peltonen, Manchester, N. H., with whom Nixon, Christy, Tessier & Peltonen, Manchester, N. H., was on brief, for appellee.

Before COFFIN, Chief Judge, and McENTEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

The Secretary of Health, Education and Welfare brings this appeal from an order of the district court reversing the Secretary's denial of disability benefits to Pauline M. Pelletier. 42 U.S.C. §§ 416(i) and 423(d)(1).

Miss Pelletier, forty years old, was educated at the Museum School of Fine Arts in Boston. After working briefly as a credit adjustor, she became a technical illustrator at Avco-Everett Research Laboratory in Boston, a position she held from August 1959 to September 1972. She began to have pulmonary problems in 1969, when due to a merger of art departments, she was obliged to work in a single room with 13 people, eight of whom smoked. Both the smoking and the Krylon spray used by a vari-typist bothered her. She was allowed to work in a separate room for a while, and experienced some but not complete relief. After space limitations required a return to the communal workroom, she quit in September 1972. Since then she has been living in her parents' home and has not felt up to working, although she did seek employment with G. E. and Raytheon but was turned down. Medical evidence indicated a respiratory allergy and restricted breathing capacity, as well as feelings of anxiety, nervousness, and helplessness because of her condition. One physician, a thoracic surgeon, while agreeing that she was having considerable difficulty breathing, was of the opinion that she would not have very much difficulty working if she were not exposed to smoke and fumes.

After Miss Pelletier's application for disability benefits was turned down both initially and on reconsideration, she was afforded a hearing before an Administrative Law Judge. He concluded that although her allergies rendered her unable to work in an atmosphere containing smoke or Krylon spray, she had failed to show "a severe and incapacitating pulmonary condition and/or nervous condition resulting therefrom which would preclude the same or other forms of occupational endeavor where obnoxious fumes were eliminated" and that she "has not borne the burden of proof." Review was denied by the Appeals Council, with the result that the Administra-

tive Law Judge's decision became that of the Secretary.

The district court reversed this decision, relying upon the rule established in certain of our cases that a claimant carries the initial burden of showing a disability that prevents a return to his former employment and that, once a showing is made, the burden shifts to the Secretary to prove that the claimant has the ability to perform alternative, substantial, gainful work.[1]   42 U.S.C. § 423(d)(2);  *see Hernandez v. Weinberger,* 493 F.2d 1120, 1122–23 (1st Cir. 1974). The district court took for granted that, "it is admitted that the plaintiff satisfied her burden of proving an inability to return to her previous work." It then concluded that the Secretary, although required to, had never met his burden of proving the existence of other substantial gainful work which she was capable of performing.

██  We believe that the district court erred. Its major premise—that plaintiff had satisfied her burden of proving an inability to return to her previous work—contradicted the Secretary's own findings which, being supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *see Gonzalez v. Richardson,* 455 F.2d 953 (1st Cir. 1972). The Administrative Law Judge found that Miss Pelletier had not proven an inability, absent the fume conditions, to function in the same type of employment as formerly. There can be no doubt that this finding is supported by the medical evidence, which tends to show no physical impairment beyond an allergic reaction to smoke and fumes. Under such circumstances, Miss Pelletier could make out a prima facie case of disability only by proving that her previous work required exposure to smoke and fumes. This she did not do. To be sure, as discussed below, the record contains some suggestion that certain fixatives and chemicals are used generally in commer-

cial art.   But the record is not clear, much less conclusive, that her former work could only be carried on in the presence of such substances. Thus the present record supports the Secretary's ultimate finding that Miss Pelletier did not bear her burden of proving a disability, and this being so the district court lacked authority to set it aside.

██  Underlying the district court's faulty premise may have been its view that a definition of Miss Pelletier's previous work "must include the smoke and fumes." It is unclear whether by "previous work" the court meant Miss Pelletier's former employment at Avco, or whether it simply concluded from its own review of the record that anyone engaged in technical illustrating would necessarily be exposed to fumes from sprays, thinners and the like. There would be error on either ground. A claimant makes a prima facie showing of disability only by establishing "that he is unable to return to his former *type* of work." *Hernandez, supra,* at 1122; *Torres v. Celebrezze,* 349 F.2d 342, 345 (1st Cir. 1965) (emphasis supplied). Thus to meet her initial burden it was not enough for Miss Pelletier to show simply that her specific job at Avco entailed exposure to smoke and fumes; she would have to show that such exposure would be a condition of this sort of work generally. On the other hand, if the court meant to announce its own independent determination that Miss Pelletier had made a sufficient factual showing along these lines, it committed error by substituting its own findings of fact for those of the Secretary.

██  In a different case we might simply reverse the judgment below and order the entry of a decree affirming the decision of the Secretary. Here, however, we think that there was good cause to remand to the Secretary to take additional evidence and reconsider whether

---

1.  The statute makes plain, of course, that disability means the inability to engage in "any substantial gainful activity," including both one's previous work and any alternative work which one is qualified to perform.  42 U.S.C. § 423(d)(1) and (2).  *See generally Lopez Lopez v. Secretary of Health, Education and Welfare,* 512 F.2d 1155 (1st Cir. 1975).

or not plaintiff is disabled from engaging in her former type of work.[2] The record shows no meaningful inquiry by the Administrative Law Judge into whether or not it is possible to engage in her former type of work, technical illustration, without exposure to substances to which claimant is allergic. The absence of any such inquiry, and of a specific finding, is doubtless in large measure claimant's fault, as it was part of her burden to produce evidence on the point, and at the administrative hearing itself she did not do so. However, her original written application for disability was a part of the administrative record, and she wrote therein that she was allergic to rubber cement, paint thinner, and fixative sprays and that the latter two items are used in art departments. Thus she did not fail altogether to raise the point to the Secretary, and, as we said in *Miranda v. Secretary,* 514 F.2d 996, 998 (1st Cir. 1975), the rules respecting burden of proof and reasonable diligence in proceedings of this type "resist translation into absolutes, . . . because social security proceedings are not strictly adversarial." In the interest of ensuring a just outcome we believe the Secretary should now take further evidence and decide whether or not her former occupation can be carried on in the absence of those substances causing her allergic reaction. If not, the Secretary should then reconsider whether or not she can engage in other employment.[3]

It is true that even if Miss Pelletier, on remand, can persuade the Secretary that she is disabled from pursuing her former occupation, it may turn out that she is not entitled to disability benefits because she is not disabled from performing other substantial gainful work. Still, the effect of her condition upon her ability to resume her former work is a significant enough part of the total picture to deserve the Secretary's consideration.

*The judgment of the district court is vacated, and the case is remanded to the district court for entry of an order remanding to the Secretary with directions that he reconsider appellee's disability claim in light of this opinion.*

**2.** 42 U.S.C. § 405(g) provides in part that "[t]he court . . . may, at any time, on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both . . . ."

**3.** We do not pass on the district court's ruling that the Secretary could not take judicial notice of the availability of other forms of employment. *Cf. Hernandez v. Weinberger,* 493 F.2d 1120, 1122–23 (1st Cir. 1974). Miss Pelletier's education, age and background of employment as a credit adjustor suggest that in appropriate surroundings she could perform many other types of work, the duties of which are commonly known. On the other hand, her physical condition might make accurate lay judgment questionable in some if not all instances. Upon remand, if the point becomes material, the Secretary may deem it best, in any event, to secure expert vocational judgment.