**Domingo GONZALEZ PEREZ,
Plaintiff, Appellant,**

v.

**SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant, Appellee.**

No. 77–1088.

United States Court of Appeals,
First Circuit.

March 20, 1978.

David Rive Rivera and Calderon, Rosa Silva & Vargas, Hato Rey, on brief, for plaintiff, appellant.

Julio Morales Sanchez, U. S. Atty., and Jose A. Acosta Grubb, Asst. U. S. Atty., San Juan, on brief for defendant, appellee.

Before COFFIN, Chief Judge, CAMP-BELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

Appellant, Domingo Gonzalez Perez, filed an application for disability insurance benefits under the Social Security Act in April, 1969. His request denied, appellant sought and received a hearing in December of the same year. The administrative law judge also determined that he was not entitled to benefits. Appellant then brought an action in district court. The court at first affirmed the results of the hearing, but then on reconsideration remanded the case for a more complete hearing. Appellant was denied benefits at this second hearing and the district court affirmed that decision. Appellant appeals to us to review that decision.

Appellant's alleged disabilities for the most part are psychological in nature. His medical history of psychiatric examinations at the Veterans Hospital indicated that his condition was diagnosed as anxiety reaction producing a degree of incapacity ranging from moderate to moderately severe to severe depending on the date of examination and the examining physician. Other negative observations in his record included comments that he appeared "to be in a daze", "admits to suicidal ruminations", and seemed to be an irritable, anger-prone individual. Appellant also had a drinking problem and suffered from several minor sensory incapacities. Appellant was already receiving disability payments from the Veterans Administration.

None of the psychiatrists examining appellant found him to be mentally incompetent. The consensus of opinion was that he was well oriented, neatly groomed, and capable of living without daily supervision. He was not under regular psychiatric care.

In order to qualify for disability payments a plaintiff must meet the initial burden of "showing a disability that prevents a return to his former employment." *Pelletier v. Secretary of H.E.W.*, 525 F.2d 158, 160 (1st Cir. 1975); *see Hernandez v. Weinberger*, 493 F.2d 1120 (1st Cir. 1974); *Reyes Robles v. Finch*, 409 F.2d 84 (1st Cir. 1969); *Torres v. Celebrezze*, 349 F.2d 342 (1st Cir. 1965). Here, appellant had worked in the past as a short order cook. Yet we find little in the record that connects his psychological condition to his ability to perform his former type of employment in a competent manner.*

The administrative law judge at the first hearing concluded that appellant was "able to perform his usual occupation". The district court, however, in its order to remand the case was unconvinced and stated, "It should be noted, finally, that the medical evidence supporting the Examiner's crucial finding that claimant is able to perform his usual occupation is weak and inconclusive, to say the least. . . . Neither [medical witnesses] nor for that matter anyone said at the hearing that claimant is able to work in spite of his illness. What is the nature of this anxiety neurosis and what is its effect upon claimant's work ability are essential questions that were left unanswered."

---

* A private physician did examine appellant in July, 1974, and concluded that he was totally and permanently disabled, although he did not explain how appellant's illness restricted his abilities. This evidence was not given much weight by the trial examiner or the district court since appellant's health prior to March, 1971, was the only relevant question in determining his eligibility for benefits.

Regrettably we face the fact that they are still unanswered. There is no analysis or findings in the second hearing or in the administrative law judge's opinion that relate appellant's psychological disorder to the capabilities necessary to work at his prior vocation. Considering the district court's specific request for an examination of this issue, we find the examiner's lapse in this regard difficult to understand.

■ Unfortunately for appellant, this failure does not require a remand of this case for a third hearing. The missing findings make it more difficult for us to review this case, but they do not fully excuse appellant's more serious failure of not meeting his initial burden. We have tended to give claimants considerable benefit of the doubt in this regard but we cannot shift the burden of establishing whether a claimant can or cannot return to his former employment entirely onto the government's shoulders.

In *Small v. Califano,* 565 F.2d 797, 1977, the claimant's prior work involved considerable lifting and stooping, and there was substantial evidence that the claimant could no longer perform such activities. Therefore, we were willing to assume that an inability to return to his prior work had been established although the administrative law judge made no finding on the subject. In an earlier opinion, *Pelletier v. Secretary of H.E.W.,* 525 F.2d 158 (1st Cir. 1975), the claimant was a technical illustrator who suffered from allergies to the sprays she used at work. We acknowledged that, "The record shows no meaningful inquiry by the Administrative Law Judge into whether or not it is possible to engage in her former type of work, technical illustration, without exposure to substances to which claimant is allergic", but explained further that "The absence of any such inquiry, and of a specific finding, is doubtless in large measure claimant's fault, as it was part of her burden to produce evidence on the point, and at the administrative hearing itself she did not do so." However, because in claimant's application for disability she had alleged that the sprays she was allergic

to were regularly used in art departments, we felt that she had sufficiently raised the issue so that in light of the administrative law judge's failure to deal with the question, a remand was appropriate.

■ In the present case, appellant gives us no basis to believe that working as a short order cook is particularly difficult for a person with his psychological problems or indeed that it is more difficult for a person in his condition than any other form of gainful employment. The administrative law judge did find that in general appellant's condition did not prevent him from "engaging in any substantial gainful activity" for the period of time necessary to invoke the benefits of the Social Security Act and we believe that finding is justified by substantial evidence in the record. Without appellant presenting any evidence or even allegations as to why this conclusion should not apply to his prior employment as his burden of proof requires, we have no basis for reversing the lower court's decision. While a psychological disorder of the kind with which appellant was afflicted with might disable him from some forms of employment, *see Ragan v. Finch,* 435 F.2d 239 (6th Cir. 1970) it is not usually totally disabling, *see Alvarado v. Weinberg,* 511 F.2d 1046 (1st Cir. 1975); *Darter v. Cohen,* 299 F.Supp. 473 (W.D.Va.1969); *Monday v. Celebrezze,* 265 F.Supp. 528 (E.D.Tenn.1965). In such circumstances, a claimant must establish that he can no longer perform his prior vocation before the government is obligated to prove that alternative employment is available for a person in claimant's condition. It is not sufficient to assert some general, functional disability and then leave it to the government to present evidence as to the practical consequences of the disability in terms of the requirements of the claimant's prior work. That is the claimant's responsibility. It was not met in this case.

*Affirmed.*