**Juraj SITAR, Plaintiff-Appellant,**

v.

**Richard SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 81–1250.**

United States Court of Appeals, First Circuit.

Argued Nov. 4, 1981.

Decided Feb. 12, 1982.

Meredith Kane, Harvard University Law Student, with whom Charles Capace, Lee D. Goldstein, Paul R. Collier, III, Harvard Legal Aid Bureau Attys., Boston, Mass., Robin T. Locke and Cliff Zucker, Harvard University Law Students, were on brief, for plaintiff-appellant.

Donna McCarthy, Asst. Regional Atty., Boston, Mass., for defendant-appellee.

Before COFFIN, Chief Judge, BREYER, Circuit Judge, and DAVIS, Judge, United States Court of Claims *

DAVIS, Judge:

Juraj Sitar appeals from the District Court's affirmance of an unfavorable disability benefits determination by the Social Security Administration. He contends that this decision that he was ineligible for disability benefits is wrong and unsupported by substantial evidence. We disagree and therefore affirm.

Appellant was employed by the Massachusetts Property Underwriting Association, an insurance company, doing clerical work from August 1973 until February 1977. For part of that period he had a supervisory post. In February he stopped working because of psychiatric problems, and began collecting disability payments from a private insurer. He was officially terminated in October 1977, and has been unemployed since then.

On October 20, 1977, Sitar applied for social security disability benefits, maintaining that his psychological problems prevented him from working since February 1977 and would continue to disable him for a period of at least a year. The Social Security Administration found him ineligible for benefits and confirmed this ruling on reconsideration. This determination was upheld after a hearing by an Administrative Law Judge (ALJ). The Appeals Council denied review of the decision, making it the final ruling of the Secretary of Health and Human Services, and appealable to the District Court. The court below affirmed by granting appellee's motion for summary judgment.

The rules controlling our consideration of this appeal are well established by statute, regulation, and decisions. See, e.g., Rodriguez v. Secretary of HHS, 647 F.2d 218 (1st Cir. 1981). The pivotal concern is Sitar's disability. We can assume—because all the doctors so found—that appellant, who claims psychological disability, suffered to some degree from a "functional psychotic disorder" (20 C.F.R. Part 404, Subpart P, App. I, § 12.03) or from a "functional nonpsychotic disorder" (id., § 12.04). The determinative question is whether his impairment from this disorder was sufficiently severe. On that question, he has the burden of proof that the impairment prevents him from doing his past work (Gonzalez Perez v. HEW, 572 F.2d 886, 887 (1st Cir. 1978); Pelletier v. HEW, 525 F.2d 158, 160 (1st Cir. 1975)), and we must accept the Secretary's determination if it is supported by substantial evidence. Rodriguez v. Secretary of HHS, supra, 647 F.2d at 222; Reyes Robles v. Finch, 409 F.2d 84, 86 (1st Cir. 1969). Psychological disorders are not always disabling per se (Gonzalez Perez, supra, 572 F.2d at 888; Alvarado v. Weinberger, 511 F.2d 1046, 1049 (1st Cir. 1975)); in particular, severe anxiety or depression is not in itself sufficient to establish eligibility

for benefits absent a proper showing of related functional loss. *Gonzalez Perez, supra,* 572 F.2d at 887–88; *Reyes v. Harris,* 486 F.Supp. 1063, 1068–69 (S.D.N.Y.1980). Moreover, a person is not eligible if the impairment does not disable him but only makes him less employable because he is less attractive to employers. *King v. Finch,* 428 F.2d 709, 711 (5th Cir. 1970); *Torres v. Celebrezze,* 349 F.2d 342, 344–45 (1st Cir. 1965).

■ The ALJ found that appellant had only a mild to moderate impairment of his ability to function physically and mentally; there was no showing, the ALJ said, of "any severe restrictions of daily activities or constriction of interest," and appellant's "condition does not preclude work of a substantial and gainful nature such as those jobs which he performed in the past." In our view, there is substantial record evidence to support these conclusions.

All of the examining psychiatrists found that plaintiff had some degree of mental disorder. But both doctors who examined Sitar for the purposes of the disability application (Doctors Moss and Senger) found him to be only moderately depressed. While moderate depression does not necessarily mean only moderate impairment, *see Hassler v. Weinberger,* 502 F.2d 172, 177 '(7th Cir. 1974); *Flores v. HEW,* 440 F.Supp. 312, 315 (D. Puerto Rico 1977), those physicians found only limited functional disability. They noted that appellant was neatly dressed and seemed to have a good appetite with no apparent weight loss. Testing revealed that he is intelligent, had a good memory and was alert, well-oriented and able to synthesize and abstract. Dr. Senger found no "gross thought disorder" and Dr.

Moss found "no suicidal or psychotic ideation." His depression has resulted in some difficulty dealing with interpersonal conflicts and in some psychomotor retardation. That difficulty is not to a significant degree, however, as evidenced by the facts that he spends a lot of time outside of his home and does apparently have the ability to socialize with friends, housemates and relatives.

At the hearing, Sitar testified that he reads a good deal, at home, at a bookstore and in a library, he takes walks, sometimes meets his friends, and on the average spends "a little bit more [time] outside" his home than in it. He told one or the other examining doctors that he lived in a house with six others and did so, according to himself, without any difficulty. He sometimes cooks for himself and occasionally has meals with friends, though he has no organized social activity.[1]

■ Appellant maintains that evidence of ability to function outside of the work environment cannot be used to establish the absence of a disability. This is incorrect. The regulations related to mental impairments provide that:

The evaluation of disability applications on the basis of mental disorders requires consideration of the ... degree of limitation such impairment(s) may impose on the individual's ability to work, as reflected by (1) daily activities both in the occupational and *social spheres;* (2) *range of interest;* (3) *ability to take care of personal needs;* and (4) *ability to relate to others.* (emphasis added).

20 C.F.R. Part 404, Subpart P, App. I, § 12.00(A).[2]

---

1. There also were, of course, some indications to these doctors that Sitar was depressed and had a psychological disorder. Appellant's friend, Mr. Della Croic, testified that appellant's condition had significantly deteriorated as evidenced by his substantial inability to take care of himself and his home, and his seeming inability to keep track of time and to understand the daily activity around him. As we emphasize, *infra,* it was up to the Secretary to weigh all the testimony, including this latter evidence.

2. Nor do the cases cited by appellant support his contention. *Hernandez v. Weinberger,* 493 F.2d 1120 (1st Cir. 1974), speaks to the level of proof required to establish that a claimant can do other than his prior work, not the kinds of proof relevant to the initial determination of disability to perform prior work. 493 F.2d at 1123. Likewise, *Yawitz v. Weinberger,* 498 F.2d 956 (8th Cir. 1974), did not address the kinds of proof pertinent to a disability determination; there the court simply disagreed with the inferences the ALJ drew from the evidence.

■ The strongest evidence favoring claimant's disability is the report of Dr. Kouretas, his treating physician. Dr. Kouretas, based on findings of depression and resulting lack of energy, social withdrawal, anhedonia, ideas of self-reference and occasional suicidal thoughts, concluded that Sitar could not handle the pressures of a job and was therefore disabled. Nevertheless, a treating physician's diagnosis is not necessarily entitled to more weight than that of a psychiatrist who examines the claimant only once. *See Perez v. Secretary of HEW*, 622 F.2d 1, 2 (1st Cir. 1980). Furthermore, a physician's conclusions with respect to the ultimate question of disability are not binding on the hearing examiner. *Rodriguez v. Celebrezze*, 349 F.2d 494, 496 (1st Cir. 1965). *See* 20 C.F.R. § 404.1527 (1981). Moreover, Dr. Kouretas' diagnosis was that, while the impairment resulted in marked rather than moderate restrictions, he did not find Sitar to have severe limitations. At least in the absence of firm clinical findings establishing severe impairment, Dr. Kouretas' conclusory statements of total disability could reasonably have been rejected by the ALJ in the face of the other evidence. *See Warncke v. Harris*, 619 F.2d 412, 417 (5th Cir. 1980); *Sykes v. Finch*, 443 F.2d 192, 194 (7th Cir. 1971).[3]

■ The sum of it is that, on the whole record, the agency could permissibly find appellant—on the basis of his mental equipment, his social and daily activities, and the findings of some of the physicians that he was not severely limited—not to be statutorily disabled from performing the basic work activities of his past clerical job. This is not an open-and-shut case, but conflicts and contradictions in the evidence are to be resolved by the Secretary, not the court. *Rodriguez v. Secretary of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). It might well be that Sitar could not return to a position requiring him to supervise others.[4] His prior job experience at the insurance company, however, did not involve exclusively supervisory positions. He was demoted twice from his supervisor's job and it is unclear whether his immediately preceding job involved supervision. The regulations require only that he be able to do work he has done within the last fifteen years, a period indisputably including his years doing non-supervisory clerical work for the insurance company. *See* 20 C.F.R. § 404.1565 (1981). At least for that type of work there is substantial evidence supporting the denial of disability benefits.

*The judgment is affirmed.*

---

498 F.2d at 960. *Robinson v. Richardson*, 360 F.Supp. 243 (E.D.N.Y.1973), was solely concerned with the weight to be given evidence of the claimant's ability to drive, and not with the use of findings on a claimant's overall ability to cope outside the work environment. 360 F.Supp. at 250.

**3.** Dr. Boutelle's conclusion of total disability was made for the purpose of determining appellant's eligibility for private insurance. The definition of disability for such a private carrier normally differs from that now involved. Similarly, the private insurer's award of disability benefits does not establish eligibility here. *See Small v. Califano*, 565 F.2d 797, 799 (1st Cir. 1977).

**4.** Dr. Kouretas described appellant's serious impairment as "Patient is unable to engage in stress situations or engage in interpersonal situations." Appellant's request to the SSA for reconsideration stated: "I believe I am not able to work due to problems on the job—interacting with people, etc." Another form said, as his reason for stopping work: "I was not able to handle the stress on the job."