**Ruth MAY, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. No. 86–0148–B.**

United States District Court, D. Maine.

May 28, 1987.

months, *id.* 106 S.Ct. at 941, as opposed to the three days in this case.

William E. Macdonald, Bangor, Me., for plaintiff.

Timothy C. Woodcock, Asst. U.S. Atty., Bangor, Me., for defendant.

## MEMORANDUM AND ORDER REMANDING ACTION TO THE SECRETARY

CYR, Chief Judge.

Plaintiff filed an application for Social Security disability benefits on June 25, 1985, alleging disability due to cardiovascular disease and migraine headaches.[1] Plaintiff's claim was denied, whereupon she filed a timely request for a hearing, which was held before an administrative law judge [ALJ] on February 25, 1986.

In accordance with the Secretary's sequential evaluation process, 20 C.F.R. § 404.1520, the ALJ found (1) that plaintiff has "severe arteriosclerotic vascular disease with episodic TIA's [transient ischemic attacks] and has occasional headaches and hypertension, under good medical control," but no impairment which meets or is equivalent to a listed impairment, Finding No. 4, Record at 12; (2) that plaintiff has the residual functional capacity to perform work-related activities "except for work involving strenuous activity or exposure to potentially dangerous situations," Finding No. 5, Record at 12; (3) that plaintiff's past relevant work as a word processor operator, telex operator, and receptionist "did not require the performance of work-related activities precluded by the above limitation(s)," Finding No. 7, Record at 12; (4) that plaintiff's impairments do not prevent her from performing her past relevant work, Finding No. 8, Record at 12; and (5) that therefore plaintiff is not disabled, Finding No. 9, Record at 12. The Appeals Council declined to review the decision, making it the final decision of the Secretary.

Having exhausted her administrative remedies, plaintiff brought the present action pursuant to 42 U.S.C. § 405(g). On September 30, 1986, at oral argument before the United States Magistrate, plaintiff requested a remand, arguing that the ALJ had failed to make a finding regarding the demands of plaintiff's past relevant work, as required by 20 C.F.R. § 404.1520(e) and Social Security Ruling [SSR] 82–62. Plaintiff contended that the stress associated with her past relevant work would increase significantly the risk of major stroke.

In his recommended decision, filed on November 26, 1986, the Magistrate stated that the plaintiff bears the burden of proving any alleged inability to perform past relevant work. *See* Magistrate's Recommended Decision at 4, *citing Goodermote v. Secretary of Health & Human Services*, 690 F.2d 5, 7 (1st Cir.1982). Noting that there is nothing in the record raising the issue of stress in connection with plaintiff's past work,[2] the Magistrate held that plain-

---

1. Plaintiff had filed previous applications for disability benefits on May 19, 1981 and November 9, 1981. Her applications were denied on November 30, 1982, after a hearing in which it was determined that plaintiff's cardiovascular impairments did not prevent her from performing her past relevant work. Plaintiff did not appeal, and thus the November 30, 1982 decision is *res judicata* with respect to the issue of plaintiff's disability through that date.

2. The Magistrate acknowledged that plaintiff filed a disability report on November 11, 1981, in which she stated that her previous jobs "have all been pressure jobs." However, the Magistrate held that this "oblique reference" was not sufficient to raise the issue of the demands posed by plaintiff's past work, particularly where, as here, plaintiff was represented at the hearing before the ALJ and did not raise the issue there. Magistrate's Recommended Decision at 4.

In addition, the Magistrate suggests that the language of SSR 82–62 does not obligate the ALJ to make findings of fact as to the demands

tiff had not met her burden and that the Secretary adequately complied with SSR 82–62.

On December 11, 1986, plaintiff timely filed objections to the Magistrate's Recommended Decision. Plaintiff reiterated her contention that SSR 82–62 required the ALJ to make a finding of fact as to the physical and mental demands of plaintiff's past work. Plaintiff further contended that, although it "was not as fully developed as it might have been," Plaintiff's Objections at 1, the issue was sufficiently raised on the record so as to require the ALJ to consider it. *See id.* at 2–3.

The court undertakes *de novo* review of those portions of the Recommended Decision to which plaintiff objects. 28 U.S.C. § 636(b).

## I.

A review of the record reveals the following facts regarding plaintiff's physical condition: (1) plaintiff suffers from "a longstanding history of arteriosclerotic vascular disease," Record at 396; (2) she suffers from recurrent transient ischemic attacks, *see id.;* (3) she currently suffers these attacks about every three months, *see id.;* (4) she takes anticoagulation (blood thinning) medication for this condition, Record at 33–34; and (5) as a consequence of this condition, plaintiff "is at a significant risk of having a major stroke," Record at 427.

The record also shows that plaintiff filed a vocational report on November 18, 1981, as a supplement to the disability report, Record at 78–83. In this vocational report, plaintiff states: "The Word Processing & Telex jobs I have had, have all been pressure jobs," Record at 80.

## II.

The description of step 4 of the Secretary's sequential evaluation process states as follows:

(e) *Your impairment must prevent you from doing past relevant work.* If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment, we then review your residual functional capacity [RFC] and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled.

20 C.F.R. § 404.1520(e) (1986). In addition to the quoted regulation, the Secretary has promulgated SSR 82–62 [3] in order to "explain the procedures for determining a disability claimant's capacity to do past relevant work (PRW) as set forth in the regulations, and to clarify the provisions so that they will be consistently applied."

Social Security Ruling 82–62 states that any determination with respect to the claimant's ability to perform past work "must be developed and explained fully in the disability decision" and that "every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." This determination requires "a careful appraisal" of the claimant's statements, the medical evidence, and, in some cases, corroborative information such as the *Dictionary of Occupational Titles.* Social Security Ruling 82–62 states that adequate documentation must be obtained to support the decision, including "factual information about those work demands which have a bearing on the medically established limitations." Thus, "[d]etailed information about ... mental demands and other job requirements must be obtained as appropriate."

The ruling provides a number of examples which illustrate these requirements, and the following statement: "Persons with physical impairments (e.g., cardiovas-

---

of a claimant's past relevant work except "as appropriate," and that such findings would not have been appropriate in the present case. *See id.* at 3.

**3.** Although SSR 82–62 was published in October 1982, it appears that the interpretation of 20 C.F.R. § 404.1520(e) set forth in SSR 82–62 is

applicable to applications for benefits filed after August 20, 1980. Under the heading "Effective Date," the ruling states that "[t]he policy explained herein was effective on August 20, 1980, the date the regulations covering the basic policy in the subject area were effective."

cular or gastrointestinal disorders) may have performed stressful tasks. This may also require a decision as to whether the impairment is compatible with the performance of such work." Social Security Ruling 82–62 concludes as follows:

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1. A finding of fact as to the individual's RFC.
> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82–62, reprinted in West's Social Security Reporting Service, at 813 (1983).

### III.

From the foregoing it is clear that the Secretary's own ruling unambiguously requires that the ALJ make a finding of fact as to the physical and mental demands of a claimant's past work; that this finding must be based on careful appraisal and documentation; and that an appraisal of the stress potential of past work be made where the claimant has a medical history of cardiovascular disease.

It is also clear that the ALJ in the present case failed to follow some of these procedures. He did make "[a] finding of fact as to the individual's RFC," at least implicitly, and he did make "[a] finding of fact that the individual's RFC would permit a return to ... her past job or occupation." Findings 5, 7 and 8, Record at 12. Thus, the ALJ made the first and the third of the three specific findings required by the ruling. However, he did not make the intermediate finding "as to the physical and mental demands of the past job/occupation."

The Magistrate seems to suggest that such a finding was not required by the statute under the circumstances of the present case, since "the required documentation of the demands of past work is directed to 'those work demands which have a bearing on the medically established limitations.'" Magistrate's Recommended Decision at 3. Apparently this refers to the fact that the ALJ found that transient ischemic attacks are the plaintiff's only significant impairments, Record at 10; that these attacks are temporary in nature, leaving no clinically detectable residual effects, *see id.;* and therefore that plaintiff's only limitations with respect to work-related activities are "strenuous activity or exposure to potentially dangerous situations such as operation of motor vehicles, exposure to unprotected heights, or exposure to moving machinery," Finding No. 5, Record at 12.

Nevertheless, those findings do not obviate the need to inquire into the physical and mental demands of plaintiff's past work, as required by SSR 82–62. It would be incorrect to suggest that plaintiff's only significant impairment is an occasional TIA, resulting in temporary dysfunction. As noted earlier, it is a matter of record that plaintiff has a "severe arteriosclerotic vascular disease" and is "at a significant risk of having a major stroke." To address plaintiff's temporary symptoms and to ignore the permanent underlying condition in evaluating her capacity to perform her past work does not satisfy the requirements of SSR 82–62.

### IV.

Despite the requirements of Social Security Ruling 82–62, the Government argues that "[i]t is the plaintiff's responsibility to present evidence concerning the consequences of a disability in terms of the requirements of her past work." Response to Plaintiff's Objections at 2. Noting that it is well established that plaintiff bears the burden of proving that she is incapable of performing her past relevant work, *see Goodermote v. Secretary of Health & Human Services,* 690 F.2d 5, 7 (1st Cir.1982), the Government contends that plaintiff bears the burden of production as well as the burden of persuasion.

The Government cites *Gray v. Heckler,* 760 F.2d 369 (1st Cir.1985), where the plain-

tiff challenged the ALJ's determination that she could return to her former work. Plaintiff contended that the ALJ should have elicited testimony with respect to her past work, rather than base his determination on a vocational report filed by plaintiff and on vocational publications such as the *Directory of Occupational Titles.* Holding that the determination was not in error, the *Gray* court stated that the plaintiff's burden of proving inability to engage in past work "necessarily includes an obligation to produce evidence on that issue." *Gray, supra* at 372, *citing Pelletier v. Secretary of Health, Education & Welfare,* 525 F.2d 158, 161 (1st Cir.1975), and *Pitchard v. Schweiker,* 692 F.2d 198, 201 n. 2 (1st Cir.1982).

In *Gray* the plaintiff's disability claim initially was based on physical impairments, including loss of use of her left arm. On appeal, she contended, *inter alia,* that the ALJ erred in not considering a psychological impairment, notwithstanding the fact that she had not alleged any mental impairment in her application nor had she testified to any such impairment at the hearing.[4] The *Gray* court held that the ALJ's failure to consider the plaintiff's psychological disorder "[did] not *necessarily* require a remand." *Gray, supra* at 374 (*emphasis added*). In doing so, the court quoted with approval an earlier First Circuit decision, *Gonzalez Perez v. Secretary of Health, Education & Welfare,* 572 F.2d 886 (1st Cir.1978), in which there were no findings by the ALJ relating the claimant's psychological disorder to his capacity to perform his past work:

> ... a claimant must establish that he can no longer perform his prior vocation before the government is obligated to prove that alternative employment is available for a person in claimant's condition. It is not sufficient to assert some general, functional disability and then leave it to the government to present evidence as to the practical consequences of the disability in terms of the require-

ments of the claimant's prior work. That is the claimant's responsibility. 572 F.2d at 888.

These cases are not as determinative of the issue as first appears. In *Gray,* unlike the present case, the ALJ had made inquiry into the nature of plaintiff's former work, using both the plaintiff's vocational report and vocational publications to do so. The only respect in which he failed to consider the demands of the plaintiff's past work with respect to an impairment was in connection with the belatedly asserted psychological disorder. Not only had the plaintiff failed to allege this condition in her application, but the court found that there was no indication that the mere existence of such a condition constituted a disability. *Gray, supra* at 374. In both *Gray* and *Gonzalez Perez,* the alleged disability was a "general, functional disability." In the present case plaintiff's disability is not merely general and functional, it is specific and has a demonstrated basis in organic arteriosclerotic vascular disease.

In *Gonzalez Perez* the court noted also that the plaintiff "gives us no basis to believe [his past work] is particularly difficult for a person with his psychological problems." 572 F.2d at 888. However, in *Pelletier v. Secretary of Health, Education & Welfare,* 525 F.2d 158 (1st Cir. 1975), where the court found at least some basis to believe that the claimant might not be able to perform her former type of work, the court remanded the case because the ALJ had not made a sufficient inquiry into the matter, even though it was "part of [claimant's] burden to produce evidence on the point, and at the administrative hearing itself she did not do so." *Id.* at 161.

In *Pelletier* the claimant had produced evidence that she had an allergic reaction to smoke and fumes at her former job as a technical illustrator. Absent evidence that claimant's former type of work would necessitate her exposure to such substances, the court held that the claimant had failed

---

**4.** The allegation of a mental impairment was predicated upon statements in a report by an examining physician.

to meet her burden of proving that she could not engage in her former type of work. *Id.* at 160. However, in her original written application for disability benefits the claimant had noted that she was "allergic to rubber cement, paint thinner, and fixative sprays and that the latter two items are used in art departments." *Id.* at 161. In finding that this was sufficient to raise the issue of whether the claimant could engage in her former type of work without being exposed to substances to which she was allergic, the court stated that

> she did not fail altogether to raise the point to the Secretary, and, as we said in *Miranda v. Secretary,* 514 F.2d 996, 998 (1st Cir.1975), the rules respecting burden of proof and reasonable diligence in proceedings of this type "resist translation into absolutes, ... because social security proceedings are not strictly adversarial." In the interest of ensuring a just outcome we believe the Secretary should now take further evidence.

*Id.*

In the present case plaintiff failed to raise the issue at the administrative hearing. Nevertheless, like the plaintiff in *Pelletier,* she "did not fail altogether to raise the point." In her vocational report she stated that her past jobs "have all been pressure jobs." Considered together with the undisputed medical evidence that plaintiff is at risk of suffering a major stroke, this was sufficient to prompt the ALJ to consider the physical and mental demands of plaintiff's previous work.[5]

## V.

Section 404.1502(e) of the Social Security regulations states: "[i]f ... you have a severe impairment, we then review your residual functional capacity [RFC] and the physical and mental demands of the work you have done in the past."

In *Pitchard v. Schweiker,* 692 F.2d 198 (1st Cir.1982), the court discusses the burden of production under 20 C.F.R. § 404.-1520(e):

> Claimant would have us read this regulation as requiring the ALJ to conduct his own independent investigation and dredge up relevant information concerning the claimant's capacity to perform [his past relevant] work. We find nothing in the regulations, however, to suggest that the Secretary meant to shift the burden of production in this regard from the shoulders of the claimant to those of the ALJ. At least in usual circumstances, the burden of presenting the relevant evidence is on the claimant.

692 F.2d at 201 n. 2. Although *Pitchard* notes that "nothing in the regulations ... suggest[s] that the Secretary meant to shift the burden of production," there is no indication that SSR 82–62 was brought to the attention of the court. The decision makes no mention of SSR 82–62, which was not published until after *Pitchard* had been argued and shortly before *Pitchard* was decided.[6]

Moreover, SSR 82–62 does not alter the burden of production discussed in *Pitchard.* The ruling recognizes that *"[t]he claimant is the primary source* for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work." (*Emphasis added.*) Thus the claimant bears the initial burden of bringing all relevant evidence before the agency, either in her application, supplemental information, or oral testimony. Once the claimant has met this burden of production, however, SSR 82–62 delineates the further inquiry which the agency must undertake:

> Determination of the claimant's ability to do PRW requires a careful appraisal of (1) the individual's statements as to which past work requirements can no

---

**5.** It is stipulated that plaintiff's vocational report, together with the relevant medical evidence, was part of the record of the administrative proceedings in connection with plaintiff's June 25, 1985 application.

**6.** Social Security Ruling 82–62 was published in October 1982. *Pitchard* was argued on September 15, 1982, and was decided on November 4, 1982.

longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the *Dictionary of Occupational Titles*, etc., on the requirements of the work as generally performed in the economy.

SSR 82–62, reprinted in West's Social Security Reporting Service, at 811–12.

There are sound reasons for imposing a burden on the Secretary to develop the record after the claimant has met her burden of producing relevant information on the subject of past relevant work. First, as the ruling recognizes, the decision as to past relevant work represents a critical stage in the disability determination process:

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

*Id.* at 812.

Second, the factual inquiry at this stage in the disability determination process is shaped by the regulations defining RFC, *see* 20 C.F.R. § 404.1545, and past relevant work, *see id.* § 404.1565(a). No applicant, and few attorneys, will be sufficiently conversant with these regulations to know, prior to agency consideration, and to focus agency attention upon all of the facts that might be relevant to the determination of whether a claimant can perform her past relevant work as defined by regulation. Social Security Ruling 82–62 implicitly recognizes that the agency, with its intimate knowledge of its own procedures and regulations, is in a better position to guide the factual inquiry, as relevant to the statute and regulations, *after* the claimant has met

her burden of producing information as to her past work and disability.

Third, implicit in SSR 82–62 is the important recognition that "social security proceedings are not strictly adversarial," *Miranda v. Secretary of Health & Human Services*, 514 F.2d at 998. As a consequence, *once alerted by the record to the presence of the issue* the ALJ may not rest upon the failure of the claimant to *demonstrate* that the physical and mental demands of her past relevant work were such that she is unable to perform that type of work. Social Security Ruling 82–62 ordains a shared burden upon the parties. The claimant must supply sufficient information from which the ALJ may commence a more focused inquiry through further development of the record, followed by explicit findings as to the physical and mental demands of claimant's past relevant work. Social Security Ruling 82–62 makes departmental policy clear. Social Security rulings bind all Social Security Administration personnel and officials, including administrative law judges and the Appeals Council. 20 C.F.R. § 422.408 (1986). Thus, all Social Security Administration personnel must apply 20 C.F.R. § 404.1520(e) as interpreted in SSR 82–62. *See McDonald v. Secretary of Health & Human Services*, 795 F.2d 1118, 1125 (1st Cir.1986).

In the present case, plaintiff met her burden of production by asserting, in the disability report filed November 11, 1981, that her past jobs "have all been pressure jobs," and through the presentation of medical evidence that she has a long-standing history of arteriosclerotic vascular disease, which places her at risk of a major stroke. Although the ALJ did inquire briefly into plaintiff's prior work experience, Record at 30–32, the record discloses neither the requisite investigation nor the explicit findings as to the physical and mental demands of her former work contemplated by 20 C.F.R. § 404.1520(e), as interpreted by SSR 82–62.

For the foregoing reasons, it is hereby *ORDERED* that the decision of the Secretary is *VACATED* and the cause is *REMANDED* to the Secretary for such fur-

ther proceedings as are appropriate, consistent herewith, to determine whether the claimant is able to perform her past relevant work.

SO ORDERED.