**Arzel JONES, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 88 C 2322.**

United States District Court, N.D. Illinois, E.D.

Nov. 16, 1988.

694

Stephen H. Loeb, Chicago, Ill., for plaintiff.

John S. Brennan, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Arzel Jones ("Jones") seeks judicial review of a final decision by Secretary of Health and Human Services Otis Bowen ("Secretary") denying Jones' claim for disability insurance benefits under Social Security Act §§ 216(i) and 223, 42 U.S.C. §§ 416(i) and 423.[1] Jones' claim, based on a disability beginning in July 1982, was initially denied by Administrative Law Judge ("ALJ") John Mondi in an August 6, 1987 decision (the "Decision"),[2] following a June 17, 1987 hearing (the "Hearing"). Additional evidence was then tendered to the Appeals Council together with a request for review. On February 11, 1988 the Appeals Council denied review, so the ALJ's decision became that of Secretary.

As always in these cases, the parties have filed cross-motions for summary judgment. In the alternative, Jones has asked for a remand to Secretary to elicit further evidence. For the reasons stated in this memorandum opinion and order, Secretary's motion for summary judgment is granted, Jones' motion is denied—and no remand is therefore necessary.

### Facts[3]

Jones, who was 59 years old at the time of the Hearing, has a high school education plus two years of business school. Her relevant work experience comprises two recent jobs:

1. From 1977 to the onset of her disability in July 1982, she was a four-hour-a-day clerk at an employment agency, doing typing, filing, phone answering and bookkeeping (R. 60). That job involved mostly sitting, no heavy lifting and very little bending or stooping (id.).

2. Before that she had been a clerk for a medical center from 1965 until 1973 (R. 59). That job was about equally divided between walking and sitting during an eight hour day, and there was also no heavy lifting and only occasional bending or stooping.

Jones left her last job when her employer relocated. Because she had already begun to have back trouble, she testified she was unable to climb the steps to take the elevated train to work at the new location (R. 12). Although she has looked for work as recently as January 1987, she claims her condition has worsened since then (id.).

Jones' troubles began when she was admitted to a hospital with complaints of severe back pain in June 1981 (R. 82–95). There she underwent a laminectomy and

---

1. All further citations to provisions of the Act will take the form "Section—," referring to the Title 42 numbering rather than to the Act's internal numbering.

2. Although the pages of the administrative law record are numbered consecutively, it is obvious from reading the text of the Decision that a page of text is missing between pages R. 11 and R. 12—something not noted by either litigant. Fortunately the context reflects the missing material is nothing more than a recital of the relevant regulations setting out the analytical steps described in the "Issues on Review" section of this opinion. All the ALJ's reasoning is intact, so this Court's review has been unaffected.

3. Familiar Rule 56 principles impose on the movant the burden of establishing the lack of a genuine issue of material fact (*Celotex Corp. .v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)). For that purpose this Court draws all "reasonable inferences, not every conceivable inference" in the light most favorable to the nonmovant (*DeValk Lincoln Mercury, Inc. v. Ford Motor Co.,* 811 F.2d 326, 329 (7th Cir.1987)). Where (as here) cross-motions are involved, this Court must therefore take a dual perspective—which might sometimes cause the denial of both motions. Because the administrative record here does involve the potential for inference drawing and because the ultimate result of this opinion is a ruling in Secretary's favor, this Court has considered the record in light of reasonable pro-Jones inferences.

was discharged in less than a month. Over the course of the next six years she made several trips to hospitals and doctors. She complained of back and lower leg pain, and varying diagnoses showed some degree of scoliosis and mild degenerative arthritis. Various pain medications were prescribed for her use.

Jones was admitted to a hospital again in June 1987 complaining of back pain. She was treated conservatively and released. But the next month, after the Hearing in this case, she was readmitted and a further laminectomy was performed.

Jones was represented by counsel at the Hearing. There she testified she is unable to work due to back problems and numbness on her right side (R. 33–34). She can neither stand nor sit for longer than 20 or 30 minutes at a time (R. 34). She is limited in bending and stooping and cannot climb or walk more than two and one-half blocks (*id.*). She is overweight, has been using a cane for over two years, wears a back brace and takes pain medication regularly (R. 12).

In addition to Jones' testimony and medical records from her hospital stay, the ALJ had before him several assessments of residual functional capacity ("RFC") by consulting physicians (R. 98–99, 130–31). As the ALJ found based on those records, Jones' "complaints of pain and limitations are out of proportion with the clinical signs and findings" (Opinion at 14). After the Hearing, when Jones sought review by the Appeals Council, additional hospital records concerning her second back surgery were made part of the record (R. 174–94).

### Issues on Review

Every claimant for disability insurance benefit payments must show he or she is "under a disability" (Section 423(d)(1)(D)). Sections 416(i)(1) and 423(d)(1)(A) define disability as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months.

Both sides agree Secretary's decision was made at step 4 of his familiar 5-step inquiry in determining whether a claimant is disabled (*Arbogast v. Bowen*, 860 F.2d 1400, 1403 n. 1 (7th Cir.1988) (citations omitted)):

> (1) Is the claimant presently unemployed?
>
> (2) Is the claimant's impairment "severe"?
>
> (3) Does the impairment meet or exceed one of a list of specific impairments?
>
> (4) Is the claimant unable to perform his or her former occupation?
>
> (5) Is the claimant unable to perform any other work within the economy?

An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

ALJ Mondi found Jones' impairments did not prevent her from performing the work she had done in the past (R. 15). Two issues are now posed for review:

1. Whether the ALJ's decision that Jones was able to perform her past relevant work is supported by substantial evidence.

2. Whether the Appeals Council properly decided that "[a]lthough [Jones] may be currently precluded from engaging in all substantial gainful activity, this condition is not expected to last the requisite 12 months."

### Past Relevant Work

On the first issue—whether Jones had the RFC to perform her past relevant work —an ALJ's affirmative answer must be upheld if supported by substantial evidence (*Walker v. Bowen*, 834 F.2d 635, 639 (7th Cir.1987)). That review does not call for reweighing the evidence. If reasonable minds may differ on the outcome of conflicting evidence, the ALJ's decision prevails (*id.* at 640). Of course the ALJ must

have applied the correct legal test—which *Strittmatter v. Schweiker,* 729 F.2d 507, 509 (7th Cir.1984) describes as determining the physical demands of the past relevant work and then comparing those demands to the claimant's present capabilities.

Here ALJ Mondi specifically found Jones capable of doing her previous job (R. 15). He noted that job was sedentary, with the option to sit or stand as needed (*id.*). It called for lifting less than 10 pounds and for little bending or stooping (R. 14). Relatedly the ALJ also found (*id.*):

> Although the claimant may have some difficulty in prolonged walking, standing or sitting, the activities required in her past job as a clerk allowed for changing of positions to alleviate pain.

Clearly ALJ Mondi performed a proper *Strittmatter* analysis. Jones' position is that the ALJ's findings are not supported by substantial evidence.[4] But Jones' own testimony was that in her last job she "didn't have to sit continuously or stand continuously," she could "move around" and she didn't have to lift or do much bending or stooping (R. 33)—certainly of itself "substantial evidence." As to her present capabilities, she said her back condition now limits her ability to stand or sit continuously for more than 20 or 30 minutes at a time (R. 34) and she couldn't lift "much at all" (*id.*), but there were no medical indications that she could not lift small weights of under 10 pounds.[5]

On those facts the ALJ could reasonably find Jones retained the RFC to perform her past relevant work.[6] Jones nevertheless complains the ALJ abdicated his duty to *develop* a more full and complete record as required by Social Security Ruling 82–62 ("SSR 82–62") and *May v. Bowen,* 663 F.Supp. 388, 394 (D.Me.1987). According to *May,* once an ALJ is alerted by the record to the presence of an issue on the subject of past relevant work, SSR 82–62 requires the ALJ to develop the record by producing relevant information on that subject. There are at least two things wrong with applying that notion to this case, even were this Court to subscribe entirely to the *May* view (something that need not be decided here):

1. Jones' testimony could certainly be understood by the ALJ as posing *no* issue as to her ability to work. Nothing in SSR 82–62 or *May* could reasonably require an ALJ to investigate an issue *not* raised by the evidence.

2. At least where (as here) a claimant is represented by a lawyer at an ALJ hearing,[7] the ALJ cannot fairly be saddled with the task of doing the lawyer's job for him or her. It is one thing to impose on an ALJ the duty to make sure the record is developed fully where a claimant unschooled in the law (and perhaps even unlettered as well) is involved; it is quite another to expect the ALJ to assume the lawyer has come unprepared to develop whatever factual issues the case appropriately calls for. If the record appears to present all the relevant facts, with the lawyer having had the full opportunity to ask any questions and

---

4. Jones' counsel also properly complains that matters stressed in Secretary's brief to this Court, though wholly unmentioned by the ALJ and the Appeals Council, are unacceptable post hoc explanations (see *Williams v. Bowen,* 664 F.Supp. 1200, 1207–08 (N.D.Ill.1987)). That criticism is valid, but it does not affect what the ALJ and the Appeals Council actually did. ALJ Mondi was not required to evaluate every piece of evidence before him (*Steward v. Bowen,* 858 F.2d 1295, 1299 (7th Cir.1988))—and that is especially true of evidence merely cumulative of the evidence on which the ALJ relied. What is relevant here is whether the ALJ ignored evidence pointing in the opposite direction, and he did not.

5. Indeed, the record contains a February 1987 assessment—uncontradicted elsewhere—that Jones retained the capacity to lift up to 25 pounds (R. 130).

6. It is really untenable for Jones' counsel to label the ALJ's findings as unsupported, given her own brief's citations to the relevant portions of her own testimony. At least until the contrary is shown, a job that permitted Jones to "move around" is also one that can fairly be characterized as permitting "sitting or standing at will."

7. Claimants are commonly—indeed, perhaps more commonly than not—unrepresented by counsel in Social Security disability hearings at the ALJ level.

tender any evidence he or she desired, the ALJ cannot properly be second-guessed for a claimed failure to "develop" the record.[8]

What SSR 82–62 does plainly require, however, is that the ALJ's decision be fully explained. This Court said in *Williams*, 664 F.Supp. at 1207 that a decision must adequately explain on its face how a conclusion was reached. Jones argues the record lacks the specific findings and adequate explanation. But Jones is wrong.

Although an ALJ must minimally articulate his or her justification for rejecting or accepting specific evidence of disability, that does not call for "a written evaluation of every piece of evidence that is presented" (*Steward*, 858 F.2d at 1299 (7th Cir.)). Similarly, though an ALJ should mention conflicting testimony (*Zalewski v. Heckler*, 760 F.2d 160, 166 (7th Cir.1985)), where credibility is a factor the ALJ is not required to give a detailed description of *why* he or she favored one line of testimony over another.

Here ALJ Mondi plainly considered *all* the medical records before him (R. 13–14). He carefully reviewed all of Jones' testimony and her claims of pain. As in *Steward*, 858 F.2d at 1302, the ALJ did not totally discredit her pain complaints (R. 14) but merely found they were not fully credible to the extent she claimed they prevented her from working as a clerk.

Jones points to places in the record that document her *statements* of pain, but those statements do not control here—substantial evidence supports the ALJ's conclusion that those subjective complaints were exaggerated in light of the objective medical evidence.[9] Because an ALJ's credibility determinations are entitled to considerable deference (*Steward*, at 1302), the determi-

nation of no disability here plainly meets the "substantial evidence" standard.

### Appeals Council Finding

Jones' next level of argument stems from her contention that despite the ALJ's finding of no disability as of the time of the Hearing, the Appeals Council, provided with additional hospital records reflecting her later surgery, made two findings:

1. Jones was then unable to work by reason of the surgery.

2. That condition was not expected to last the requisite 12 months to constitute a "disability" in the legal sense.

Jones agrees with the first of those, but she disputes the second on the ground there is no evidence to support it.

What the Appeals Council actually said on the issue of disability, after discussing the additional hospital records, was this (R. 4):

Although [Jones] may be currently precluded from engaging in all substantial gainful activity, this condition is not expected to last the requisite 12 months.

That use of "may be" can arguably be viewed either as (1) a *finding* of total inability to work or (2) merely an arguendo *assumption* of such inability en route to a holding that it would make no difference anyway. But even on the first reading (the one more favorable to Jones), Secretary prevails here.

Jones again invokes this Court's decision in *Williams*, 664 F.Supp. at 1207, contending that the Appeals Council ruling fails adequately to explain on its face how its conclusion was reached. But *Williams* (a decision to whose analysis this Court continues to adhere) does not require a remand in this case.

When the case came to the Appeals Council, it had before it a properly sup-

---

**8.** This is not to suggest that SSR 82–62 always ascribes to the ALJ a mere passive role of appraising evidence (as Secretary argues). That SSR requires the agency to make "every effort" to secure evidence and obtain "sufficient documentation," and otherwise be actively involved in developing a factual inquiry. But at least as to a lawyer-represented claimant, this Court will not read into that language a directive that an ALJ must become a Sherlock Holmes-type investigator when the evidence actually tendered

does not clearly call for further fleshing-out. What the ALJ is obligated to do is to *develop* the record, not to *create* it.

**9.** It is not this Court's role to decide how it would have evaluated the evidence in the first instance. That would be irresponsible in light of the "substantial evidence" standard for upholding Secretary's decision.

ported ALJ decision that Jones had not been disabled on the basis of the evidence before him. Jones' contention on review that she *was* disabled (R. 169–70) apprised the Appeals Council of her recent surgery but offered absolutely no evidence to support a finding that her postoperative inability to work was expected to last more than 12 months. There were no medical opinions submitted to the Appeals Council that would so indicate. On the contrary, what was before the Appeals Council indicated a wholly normal recuperative process—in light of which a 12–month duration of Jones' inability to work at all would be extraordinary.

But the controlling consideration is that it was incumbent on Jones to prove such an extended duration, not on Secretary to disprove it (*Mathews v. Eldridge*, 424 U.S. 319, 336, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976)). Jones has not met that burden. It was wholly proper for the Appeals Council to consider the new evidence and find nothing in it to overturn the ALJ's finding and decision.

### Conclusion

Secretary's findings are adequately explained and supported by substantial evidence. There is no genuine issue of material fact, and Secretary is entitled to a judgment as a matter of law. This action is dismissed.