**Jose DEALMEIDA, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**No. C–87–3402 SAW.**

United States District Court, N.D. California.

Nov. 21, 1988.

Mary Burke, Point Richmond, Cal., for plaintiff.

Joseph Russoniello, U.S. Atty., Elizabeth Trager, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Plaintiff brings this motion for summary judgment or remand pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Defendant has filed a cross-motion for summary judgment.

Plaintiff initially applied for Social Security disability benefits on September 9, 1985, claiming an inability to work due to back pain, poor eyesight, decreased hearing, and diabetes. The Social Security Administration denied his claim initially and on reconsideration. A hearing on plaintiff's application was then conducted before an Administrative Law Judge (ALJ). On October 1, 1986, the ALJ found plaintiff able to perform his past relevant work as a maintenance mechanic and denied him benefits. The Appeals Council's denial of plaintiff's request for review constitutes the final decision of the Secretary of Health and Human Services regarding the claim.[1]

The Court will set aside a denial of benefits only if the Secretary's findings are based upon legal error or are not supported by substantial evidence in the record as a whole. *Kail v. Heckler,* 722 F.2d 1496, 1497 (9th Cir.1984). Substantial evidence supporting a finding of non-disability means such relevant evidence as a reasonable mind would accept as adequate to support the conclusion. *Nyman v. Heckler,* 779 F.2d 528, 530 (9th Cir.1985).

On a careful review of the record below, the Court finds the Administrative Law Judge's determination that plaintiff is able to return to his past relevant work (PRW) as a maintenance mechanic not supported by substantial evidence.

■■■ Three separate steps are involved in making a finding that a claimant is able to return to his or her past relevant work. *See* Social Security Ruling (S.S.R.) 82–62 (1982). The ALJ must make specific findings of fact as to (1) the physical and mental demands of the past occupation, (2) the claimant's residual functional capacity (RFC), and (3) whether claimant's residual functional capacity permits a return to his or her past occupation. *Id.* A finding that a claimant is able to return to his past relevant work must be based on adequate documentation and a careful appraisal.

*May v. Bowen,* 663 F.Supp. 388, 391 (D.Me. 1987).

■■■ In the instant case, the ALJ did not make specific findings of fact as to the physical and mental demands of plaintiff's past occupation. Rather, the decision merely makes the ultimate conclusion that "the claimant remains able to perform his past relevant work as a maintenance mechanic." Transcript (TR.) 95.

Nor can information about plaintiff's PRW adequately be deduced from the record. The ALJ apparently relied on the testimony of Dr. Bernstein as to plaintiff's past relevant work as a maintenance mechanic:

> In deposition, [plaintiff] describes his job as requiring working with tools on various types of machines but he was not doing any lifting other than his tools.... He would have to squat on his job but he didn't do this on a regular basis. With that deposition testimony in mind, I [Dr. Bernstein] did not attempt to obtain any further job description.

Tr. 327.

The Dictionary of Occupational Titles (DOT), however, describes a maintenance mechanic's position as much more arduous. The category of "maintenance mechanic" in the DOT listing requires, among others, frequent lifting, carrying of over 50 pounds, stooping, kneeling, crouching and crawling. Evidence in the record is consistent with the DOT's description. The first report of occupational injury or illness given by Dr. Vomini indicates that plaintiff's position involved "alot of kneeling on the job." Tr. 299. Testimony of Dr. Dorison indicated that plaintiff was required to semi-squat and to kneel at his job. Tr. 277.

Without the proper foundation as to what plaintiff's past relevant work entailed, the ALJ's subsequent determination that plaintiff retained the residual functional capacity to perform that job is not supported by substantial evidence.[2] While it is

---

1. In a subsequent application, plaintiff was awarded disability benefits for psychological impairment commencing in November, 1987. The instant action thus involves the award of back benefits only.

2. The ALJ's determination regarding plaintiff's residual functional capacity is also somewhat difficult to decipher. In his findings, the ALJ states that "the claimant has the residual capacity to perform a full range of medium work

clearly the function of the ALJ to weigh the evidence and make a determination regarding what plaintiff's PRW entailed, *see Allen v. Heckler,* 749 F.2d 577, 579 (9th Cir.1984), the failure to do so at all is error requiring reversal and remand. *May,* 663 F.Supp. at 389; S.S.R. 82–62.

On remand, the ALJ must make specific and detailed findings of plaintiff's PRW, his residual function capacity, and whether plaintiff retains the ability to perform his prior occupation. Only then has the ALJ satisfied the requirements of S.S.R. 82–62 as well as provided a full record regarding the ultimate finding on disability which the Court may later review under the appropriate standard.

▮ Plaintiff has also offered evidence of psychological impairment to this Court which was not presented to the ALJ. As plaintiff's mental condition was not "significantly at issue at the hearing," this Court may not order the Secretary to consider such evidence on remand. *Sanchez v. Secretary of Health and Human Services,* 812 F.2d 509, 511–12 (9th Cir.1987); *see also* 42 U.S.C. § 405(g).

▮ Finally, plaintiff contends that the Secretary erred as a matter of law by failing to make a meaningful inquiry into plaintiff's mental status. Plaintiff relies on Social Security Ruling 82–58, which requires that if the physical limitations claimed by the applicant are "clearly out of proportion to physical findings.... the possibility of a severe mental impairment should be investigated." In the instant case, however, the claimed disability is not clearly out of proportion to the medical findings. Rather, the dispute over the degree of plaintiff's disability involves questions of credibility, which are for the Secretary to resolve. *Sample v. Schweiker,* 694 F.2d 639, 642 (9th Cir.1982). Plaintiff's interpretation of S.S.R. 82–58, on the other

hand, would turn every question of the claimant's credibility into an issue of psychological impairment for the Secretary to investigate.

The Secretary therefore is not required to consider evidence concerning plaintiff's claimed psychological impairment on remand.

Accordingly,

IT IS HEREBY ORDERED that the final decision of the Secretary of Health and Human Services is reversed and the case is remanded for further proceedings consistent with this opinion.

---

activity." TR. 95, ¶ 7. Yet the ALJ also states that claimant is able to perform his past relevant work as a maintenance mechanic, *id.,* ¶ 6, which is normally understood to involve heavy work. *See* TR. 34–35.

This confusion is compounded by the ALJ's statement at one point in his decision that plain-

tiff "cannot perform his past relevant work," TR. 90, which contradicts his final holding in the case. TR. 95, ¶ 6.

On remand, this uncertainty as to plaintiff's RFC and ability to perform his past relevant work must be must be resolved and the ALJ's conclusions supported by substantial evidence.