966 F.2d 1440
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Myrtelina Riestra ARROYO, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 91-2255.
 United States Court of Appeals,
First Circuit.
 June 30, 1992
 
 Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for appellant.
 Daniel F. Lopez Romo, United States Attorney, Jose Vazquez Garcia, Assistant United States Attorney, and Paul Germanotta, Assistant Regional Counsel, Department of Health and Human Services, on brief for appellee.
 Before Breyer, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 This is an appeal from a district court order affirming a decision of the Secretary of Health and Human Services ("the Secretary") to deny social security disability benefits.
 
 
 2
 * In May 1980, claimant Myrtelina Riestra-Arroyo, at age 35, was injured on the job. Since then, she has asserted this onset date in two applications for disability benefits. The first claim, denied in August 1982, was not pursued beyond the administrative level.[1] Claimant's insured status subsequently expired on June 30, 1984. This appeal centers on claimant's second application filed in November 1988, over four years later; it alleges "nerves", and a back and arms condition.
 
 
 3
 After a hearing at which the claimant testified, an Administrative Law Judge ("ALJ") decided to reopen the first denial of benefits because of claimant's new allegations of an "emotional component". His August 28, 1989 decision concluded, however, that there was no "emotional component" to review: "[T]he claimant has filed an application alleging a condition of which there is no indication that she has been followed or treated." On examination of the entire record, we agree that there is no evidence that claimant suffered from or was treated for any mental or emotional condition in the relevant period, or after, for that matter. As the appellant does not press the issue on appeal, we deem it waived, and reiterate the ALJ's caution against filing a disability claim premised upon a completely unsupported condition, particularly when the alleged disability is, as is apparently the case here, the basis for reopening a prior adverse decision.
 
 
 4
 As to the claimant's physical conditions, the ALJ found that, as of June 30, 1984, the date her insurance ended, the claimant had mild carpal tunnel syndrome and cervicodorsal myositis, and concluded, at step four of the Secretary's sequential evaluation process, 20 C.F.R. § 404.1520(e), that she could still perform her past work as a secretary or a machine operator, and, thus, was not disabled within the meaning of the Social Security Act. On appeal the appellant argues that the ALJ improperly discounted her subjective complaints of pain, and that a vocational expert was needed to assess how her impairments would affect the performance of her past relevant work. For the reasons that follow, we affirm the judgment of the district court.
 
 II
 
 5
 First, it was incumbent upon the claimant to initially establish that her impairments had reached such a disabling level of severity as of June 30, 1984 that she was unable at that time to perform her prior work. Deblois v. Secretary of Health & Human Services, 686 F.2d 76, 79 (1st Cir. 1982). The ALJ found objective medical evidence in the State Insurance Fund ("SIF") records submitted by the claimant that she suffered from mild carpal tunnel syndrome and cervicodorsal myositis (a swelling of the voluntary muscles in the neck-shoulder blade area) while insured. The appellant does not expressly contest this finding. The medical evidence reveals only sporadic and conservative treatment for these conditions. There is little or no objective record evidence tending to corroborate the allegations of attendant disabling pain prior to July 1984: all of the SIF's x-rays and EMGs of the claimant's upper and lower extremities were negative; the only positive lab test of record was the January 1984 nerve conduction study which revealed mild bilateral carpel tunnel syndrome. As the ALJ noted, the record contains virtually no evidence of the indicia typically associated with severe pain such as muscle atrophy, spasm, marked limitation of motion, swelling, and other sensory and motor deficits. The ALJ also elicited testimony about the claimant's subjective symptoms, daily activities, functional limitations, prior work and medication in conformity with the guidelines set out in Avery v. Secretary of Health & Human Services, 797 F.2d 19, 22 (1st Cir. 1986). The record adequately supports the ALJ's conclusion that the claimant's physical conditions, in the relevant period, could not reasonably be expected to produce severe or disabling pain.
 
 
 6
 Second, the ALJ had an adequate basis to discount, to some degree, the claimant's credibility. Numerous inconsistent testimonial and/or written record statements by the claimant include: varying versions of the precipitating work accident itself, notations by two SIF consultants of claimant's "voluntary resistance" during parts of the clinical examination, statements that her last job involved both no sitting and that she worked sitting and standing, statements that she did no housework, testimony enumerating certain household tasks that she did perform, statements that she had never worked after the accident and that she had worked for a while afterwards, and conflicting and contradictory record statements as to frequency and duration of undocumented treatment by private physicians.
 
 
 7
 Third, there is substantial evidence that the claimant did not meet her initial burden of proving inability to perform her former work. To claim disability benefits, a claimant must satisfy the initial and relatively minimal burden of "putting into issue functional loss that precludes performance of pertinent prior work activities." Santiago v. Secretary of Health & Human Services, 944 F.2d 1, 7 (1st Cir. 1991). This means producing information describing the demands of claimant's past work, and showing how her limitations in the insured period compromised her ability to perform that work. Id. at 5.
 
 
 8
 The disability report that claimant filed with this application contained only the barest description of what her last job as a machine operator entailed. She had held that job for two years. It contained no descriptions of the two secretarial/office clerk positions that she had held during the ten years prior to that. At the hearing, in response to questions by the ALJ, the claimant's somewhat more detailed description of the machine operator job focused mainly on the lifting requirements of the job, and contradicted, in some respects, her earlier written statement. See supra p.5. The claimant also testified, again in minimalist terms, that her prior office jobs involved "fill[ing] out paperwork for people that came into the office and tak[ing] care of the office and file." Asked by the ALJ why she could not work after the accident, the claimant only stated "I couldn't do the work I used to do." The claimant's attorney elicited no testimony along these lines. Thus, although the claimant, primarily in response to questioning by the ALJ, did provide some, albeit sparse, information as to the demands of her former jobs, she "failed to go on to show how her particular former work duties were compromised by her physical ... condition." Santiago, 944 F.2d at 6.
 
 It is
 
 9
 not sufficient to assert some general, functional disability and then leave it to the government to present evidence as to the disability in terms of the requirements of the claimant's prior work. This is the claimant's responsibility.
 
 
 10
 Gonzalez Perez v. Secretary of Health, Education & Welfare, 572 F.2d 886, 888 (1st Cir. 1978). Given the dearth of information as to how she was functionally unable to perform her former work, so as to put inability to resume that work into issue for step four purposes, the ALJ could reasonably conclude that the claimant retained the ability to perform her former work during the insured period, and was not disabled.
 
 
 11
 The judgment of the district court is affirmed.
 
 
 
 [1]
 Those records are not before us