Paula **TORRES RIVERA** Plaintiff

v.

**COMMISSIONER OF SOCIAL SECURITY** Defendant

**No. CIV.03–1501 HL.GAG.**

United States District Court,
D. Puerto Rico.

July 21, 2004.

Salvador Medina–De–La–Cruz, Esq., San Juan, PR, for Plaintiff.

Lisa E. Bhatia–Gautier, Assistant U.S. Attorney, United States Attorney's Office, San Juan, PR, for Defendant.

## MEMORANDUM OPINION AND ORDER

GELPI, United States Magistrate Judge.

Upon careful review and consideration of the parties' memoranda (Docket Nos. 11 and 14), as well as the administrative record, the undersigned concludes that this case must be REMANDED to the Commissioner of Social Security for further proceedings consistent with the instructions that follow.

The ALJ below concluded that plaintiff had the residual functional capacity to lift and carry a maximum of 20 pounds, and 10 pounds frequently, and otherwise function normally in activities not requiring the performance of complex tasks (Tr. 22 ¶ 6, 23 ¶ 1, 24 ¶ 7).[1] Accordingly, the ALJ determined that plaintiff's past relevant work as an electronics inspector did not require the performance of work-related activities precluded by her residual functional capacity (Tr. 24 ¶ 8).

In the adult disability report submitted by plaintiff to the Social Security Administration for purposes of the her present claim, dated 5/20/99, plaintiff, however, indicates that as an electronics inspector she lifted and carried items weighing up to 60 pounds, and frequently lifted items weighing 25 pounds (Tr. 63 (Spanish original), 73 (English translation)). There is no evidence in the administrative record suggesting that this information is not accurate. Likewise, the Commissioner in her memorandum does not contest said evidence.

A Social Security claimant has the burden of making some reasonable

---

1. The plaintiff does not contest this functional capacity finding in her memorandum. Interestingly, the functional capacity assessment contained in the administrative record indicates that plaintiff can occasionally lift up to 50 pounds, and can frequently carry up to 25 pounds (Tr. 18 ¶¶ 1 and 2).

threshold showing that she cannot return to her former employment because of her alleged disability. *Santiago v. S.H.H.S.,* 944 F.2d 1, 5 (1st Cir.1991); *Pitchard v. Schweiker,* 692 F.2d 198, 201 (1st Cir. 1982); *González Pérez v. Secretary of Health, Education and Welfare,* 572 F.2d 886, 887 (1st Cir.1982). To do so, the claimant must initially produce relevant evidence of the physical and mental demands of her prior work. *Santiago, supra; Pitchard, supra* at n. 2. Such evidence may be testimonial or take the form of historical or subjective statements made in the claimant's disability application. *Santiago, supra.* Once alerted by the record to the presence of such evidence, the ALJ must develop the record further if he is to conclude that such evidence does not accurately reflect the demands of plaintiff's prior work. *See Santiago, supra* at 5–6.

In the case at bar, there is a significant discrepancy between the plaintiff's description of the physical demands of her prior work and the ALJ's determination as to what physical demands plaintiff's work actually entailed. However, the ALJ failed to further develop the record to support his differing conclusion. Accordingly, the Commissioner's decision at this time is unsupported by substantial evidence of record, and, thus, this case must be remanded so that the record be fully developed as to this matter. Once the ALJ does this, he shall carry out the sequential evaluation process to an end.

**SO ORDERED.**