Kathleen FRENCH, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant.

No. 98–CV–1414 (LEK/RWS).

United States District Court,
N.D. New York.

July 14, 1999.

Olinsky & Dimartino, Oswego, New York, Howard Olinsky, of counsel, for plaintiff.

Hon. Thomas J. Maroney, United States Attorney for the Northern District of New York, Syracuse, New York, William H. Pease, Ass't U.S. Attorney, of counsel, for defendant.

## DECISION AND ORDER

KAHN, District Judge.

Pursuant to 42 U.S.C. § 405(g), Plaintiff appeals the denial of her application under the Social Security Act for disability insurance benefits and Supplemental Security Income benefits. This matter comes before the Court following a Report–Recommendation filed on May 7, 1999 by the Honorable Ralph W. Smith, Jr., Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(d) of the Northern District of New York.

In denying Plaintiff's application for benefits, the Administrative Law Judge ("ALJ") found that although Plaintiff had

demonstrated a combination of impairments which are severe, she retained sufficient residual functional capacity ("RFC") to perform sedentary work, that Plaintiff's past relevant work "as an office worker" was sedentary and that Plaintiff's impairments did not therefore prevent her from performing her past relevant work. Transcript at 23.

Magistrate Judge Smith found that the ALJ failed to provide the necessary evidence to support his conclusion that Plaintiff's RFC was sufficient to perform her past relevant work. He found that the ALJ had made no specific findings regarding what that past relevant work actually was beyond referring to Plaintiff's previous position as being an "office worker." Further, Magistrate Judge Smith noted that the position of "office worker" is not listed in the Dictionary of Occupational Titles (which lists various occupations with accompanying physical and mental requirements), and that no evidentiary support could therefore be drawn from that source. Magistrate Judge Smith concluded that there was no substantial evidence supporting the ALJ's assertion that office work was usually sedentary. He therefore recommended that the case be remanded for further findings as to the nature of Plaintiff's past relevant work.

No objections to the Report–Recommendation have been raised. Furthermore, after examining the record, the Court has determined that the Report–Recommendation is not clearly erroneous or contrary to law. *See* Fed.R.Civ.P. 72(b), Advisory Committee Notes. Accordingly, the Court adopts the Report–Recommendation for the reasons stated therein.

Accordingly, it is

ORDERED that the Report–Recommendation is APPROVED and ADOPTED; and it is further

ORDERED that the matter is REMANDED to the Commissioner for further proceedings not inconsistent with this opinion, and it is further

ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.

## REPORT RECOMMENDATION AND ORDER

RALPH W. SMITH, Jr., United States Magistrate Judge.

This matter was referred to the undersigned for a Report and Recommendation by the Honorable Lawrence E. Kahn pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). The case arises under §§ 205(g) and 1631(b)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), for review of a final determination of the Commissioner of Social Security (the "Commissioner") denying Plaintiff Kathleen A. French's claim for disability insurance benefits and supplemental security income benefits. The parties have filed their briefs, including the Administrative Record on Appeal, and the matter has been submitted without oral argument. For the reasons set forth below, the Court recommends that the Commissioner's decision be reversed and the case remanded.

### I. *Procedural History*

Plaintiff filed an application for disability insurance benefits and supplemental security income benefits on September 6, 1995. Tr. 129–33, 157–59.[1] These applications were denied after an initial determination and upon reconsideration. Tr. 144–46, 154–56, 161–63, 165–67. Plaintiff then filed a request for a hearing on December 6, 1996. Tr. 168. Her case was heard on May 13, 1997 before Administrative Law Judge ("ALJ") John P. Chwalek. After considering the facts de novo, the ALJ rejected Plaintiff's claims in a written decision dated May 23, 1997. Tr. 17–24. On July 22, 1997, Plaintiff requested a review of the ALJ's decision by the Appeals

---

1. Page citations are to the administrative transcript filed by the Commissioner.

Council. Tr. 9. The Appeals Council denied Plaintiff's request on July 2, 1998, Tr. 6–7, and the ALJ's decision became the final decision of the Commissioner. This action followed.

## II. *Facts*

The Court adopts the facts set forth in Plaintiff's brief with any exceptions noted.

## III. *Contentions*

In her memorandum in support of her Motion for Judgment on the Pleadings, Plaintiff claims that the ALJ's determination that she is capable of performing her past relevant work is not supported by substantial evidence.

## IV. *Legal Standards*

A. *Standard of Review*

■■■ In reviewing the Commissioner's final decision, a court must determine whether the correct legal standards were applied and whether substantial evidence on the record as a whole supports that decision. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987). Substantial evidence is "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir.1991) (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir.1988) (citing *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir.1983)). An ALJ must set forth the factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence

supports his decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir.1984) (citations omitted). Where substantial evidence exists, the court may not substitute its interpretation of the administrative record. *Mongeur*, 722 F.2d at 1038 (citations omitted). However, where there is a reasonable basis for doubting whether the ALJ applied the appropriate legal standards, even if the ultimate decision may arguably be supported by substantial evidence, the ALJ's decision may not be affirmed. *Johnson*, 817 F.2d at 986.

■■■ A reviewing court may reverse the ALJ's decision with or without remand. 42 U.S.C. §§ 405(g), 1383(c)(3). Remand is appropriate where there are gaps in the record or the ALJ has applied an improper legal standard and further development of the evidence is needed. *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir.1980); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir.1979); *Cutler v. Weinberger*, 516 F.2d 1282, 1287 (2d Cir.1975). Reversal without remand is proper where there is "persuasive proof of disability" in the record and further evidentiary development would not serve any purpose. *Parker*, 626 F.2d at 235; *Simmons v. United States R.R. Retirement Bd.*, 982 F.2d 49, 57 (2d Cir.1992); *Carroll v. Secretary of Health and Human Servs.*, 705 F.2d 638, 644 (2d Cir.1983) (holding that, in an appropriate case, a reviewing court may reverse the Commissioner's decision without remand in order to foreshorten the "often painfully slow process" of determining disability).

B. *Determination of Disability*

The regulations of the Commissioner outline the steps that an ALJ must follow to determine whether or not an individual is disabled. To be considered disabled within the meaning of the Act, a plaintiff must demonstrate her inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death" or which "has lasted or can be expected to last for a continuous

period of not less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 1382c(a)(3)(A). The regulations further provide that:

> an individual shall be determined to be under a disability only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work.

*Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

In evaluating a claim for disability, the Commissioner follows a five-step evaluation process. The Second Circuit has explained this process as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he [or she] is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his [or her] physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment [which meets or equals the criteria of an impairment] listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him [or her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he [or she] has the residual

functional capacity to perform his [or her] past work. Finally, if the claimant is unable to perform his [or her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir.1982); *see also* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of satisfying the first four prongs of the evaluation process. If the claimant does so, the burden then shifts to the Commissioner to prove the fifth prong of the evaluation process. *Parker*, 626 F.2d at 231 (citations omitted). In making this showing, the Commissioner must demonstrate that, given the claimant's residual functional capacity ("RFC"), age, education, and past work experience, the claimant can perform some less demanding but gainful work that is available in the national economy. *New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir.1990); *Ferraris*, 728 F.2d at 584–85 (citing 42 U.S.C. § 423(d)(2)(A)). If the Commissioner cannot demonstrate that the claimant is capable of performing other work that exists in the national economy, the claimant will be considered disabled.

## V. *Discussion*

Applying the five-step disability determination process, the ALJ found that: (1) Plaintiff has not worked since the alleged onset of her disability; (2) Plaintiff has a combination of impairments which are severe; (3) these impairments are not listed in or medically equal to an impairment listed in Appendix 1 of the regulations; but (4) Plaintiff is able to perform her past relevant work. Accordingly, the ALJ concluded that Plaintiff is not disabled. Plaintiff now argues that the ALJ's decision at step four of the disability determination process is not supported by substantial evidence. The Court agrees.

 To meet her burden of proof at step four of the disability determination process, a claimant must demonstrate, not only that she is unable to return to her

former work, but also that she is unable to return to her former *type* of work. *Jock v. Harris*, 651 F.2d 133, 135 (2d Cir.1981) (quoting *Pelletier v. Secretary of Health, Educ. & Welfare*, 525 F.2d 158, 160 (1st Cir.1975)). Thus, at the hearing level, the ALJ must, first, define the claimant's RFC and, second, determine whether this RFC will permit the claimant to meet the actual physical and mental demands of the type of work that she previously performed. *Pfitzner v. Apfel*, 169 F.3d 566, 569 (8th Cir.1999). The ALJ may discharge his responsibilities with regard to the second prong by referring to the Dictionary of Occupational Titles (hereinafter "DOT") for a definition of a particular job as it is ordinarily performed throughout the national economy. *Id.; see also* Social Security Ruling 82–61, 1982 WL 31387, at *2 (S.S.A.).

■ In the present case, the ALJ found, with regard to the first prong, that Plaintiff possesses the RFC to perform sedentary work. Tr. 22. With regard to the second prong, the ALJ determined that:

> The claimant has past relevant work as an office worker. While she has reported that this job involved standing and walking for much of the day (Exhibit 31), the job of office worker, as it is usually performed, is sedentary in exertion. Therefore, it is concluded that the claimant's impairments would not preclude the performance of her past relevant work, as it is usually performed in the national economy.

*Id.* The Court finds that this determination is deficient. First, the ALJ did not make explicit findings regarding the actual physical and mental demands of Plaintiff's previous work. *See Pfitzner*, 169 F.3d at 569. To the extent that the ALJ could have discharged this responsibility by referring

to the DOT, he apparently did not do so here: nowhere is the term "office worker" listed in the DOT, and it is thus unclear how the ALJ arrived at the conclusion that office work is usually sedentary in nature. Because substantial evidence does not support the ALJ's determination that the job of office worker, as it is usually performed, is sedentary in exertion, the Court accordingly recommends that this portion of the Commissioner's decision be reversed.[2]

If, on remand, the ALJ refers to the DOT to determine which job classification best describes Plaintiff's past relevant work, the Court notes that Plaintiff has listed the following as her past relevant job responsibilities: typing, filing, answering the phones, taking payments for traffic violations, collecting files, and delivering the court calendar. Tr. 38, 107, 112, 113, 117, 118, 174. Although the ALJ should develop a more detailed description of Plaintiff's previous work experience on remand, it appears that the above responsibilities could meet the DOT descriptions of office helper, secretary, file clerk, typist, or clerk. The Court further notes that some of these jobs are classified in the DOT as light work, whose requirements exceed Plaintiff's RFC. Thus, in order to determine whether or not Plaintiff has met her burden at step four of the disability determination process, the ALJ must first define Plaintiff's past relevant work and then analyze whether Plaintiff can satisfy the physical and mental demands of this work, either as she actually performed it or as it is defined in the DOT.

Because the Court recommends reversing the ALJ's decision and remanding the case for a further evaluation of Plaintiff's alleged disability, it does not address the

---

**2.** In making this recommendation, the Court emphasizes that its conclusion is based upon the fact that the ALJ did not adequately analyze Plaintiff's past relevant work as it is usually performed and never considered her past relevant work as she actually performed it. On remand, however, the ALJ may ana-lyze Plaintiff's capacity to perform her previous work under either or both of these standards. If the ALJ finds that Plaintiff satisfies either standard, she will be considered to be not disabled. *See* SSR 82–61, 1982 WL 31387, at *2.

remainder of the arguments presented by Plaintiff in her brief.

## VI. *Conclusion*

For the reasons set forth above, it is hereby

RECOMMENDED that the case be REMANDED, pursuant to 42 U.S.C. § 405(g) sentence four, for a re-examination of whether Plaintiff is disabled.

IT IS HEREBY ORDERED that the Clerk of the Court serve a copy of this Report and Recommendation, by regular mail, upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Small v. Secretary of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

May 6, 1999.