Berthiaume v. SSA                    CV-98-419-M    09/30/99
                    UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW HAMPSHIRE


Elizabeth Berthiaume,
        Claimant

        v.                                    Civil No. 98-419-M

Kenneth S. Apfel, Commissioner,
Social Security Administration,
        Defendant.


                            **O R D E R**


        Claimant Elizabeth Berthiaume moves pursuant to 42 U.S.C.

§ 405(g) to reverse the Commissioner's decision denying her

application for Social Security Disability Insurance benefits

under Title II of the Social Security Act (the "Act"), 42 U.S.C.

§ 423.  The Commissioner moves for an order affirming the

Commissioner's decision.  For the reasons that follow, the

decision of the Commissioner is vacated and remanded.


                        Standard of Review

I.    Properly Supported Findings by the Administrative
      Law Judge ("ALJ") are Entitled to Deference.

        Pursuant to 42 U.S.C. § 405(g), the court is empowered "to

enter, upon the pleadings and transcript of the record, a

judgment affirming, modifying, or reversing the decision of the

Secretary [now, the "Commissioner"], with or without remanding

the cause for a rehearing."  Factual findings of the Commissioner

are conclusive if supported by substantial evidence. <u>See</u> 42 U.S.C. §§ 405(g), 1383(c)(3); <u>Irlanda Ortiz v. Secretary of Health and Human Services</u>, 955 F.2d 765, 769 (1st Cir. 1991).[1] Moreover, provided the ALJ's findings are supported by substantial evidence, the court must sustain those findings even when there may be substantial evidence supporting the claimant's position. <u>See</u> <u>Gwathney v. Chater</u>, 104 F.3d 1043, 1045 (8th Cir. 1997) (The court "must consider both evidence that supports and evidence that detracts from the [Commissioner's] decision, but [the court] may not reverse merely because substantial evidence exists for the opposite decision."). <u>See also</u> <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039-40 (9th Cir. 1995) (The court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.").

In making factual findings, the Commissioner must weigh and resolve conflicts in the evidence. <u>See</u> <u>Burgos Lopez v. Secretary of Health & Human Services</u>, 747 F.2d 37, 40 (1st Cir. 1984) (citing <u>Sitar v. Schweiker</u>, 671 F.2d 19, 22 (1st Cir. 1982)). It

---

[1]Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938). It is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. <u>Consolo v. Federal Maritime Comm'n.</u>, 383 U.S. 607, 620 (1966).

is "the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence. Indeed, the resolution of conflicts in the evidence is for the [Commissioner] not the courts." Irlanda Ortiz, 955 F.2d at 769 (citation omitted). Accordingly, the court will give deference to the ALJ's credibility determinations, particularly where those determinations are supported by specific findings. See Frustaglia v. Secretary of Health & Human Services, 829 F.2d 192, 195 (1st Cir. 1987) (citing Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986)).

II.   The Parties' Respective Burdens.

An individual seeking Social Security disability benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A). The Act places a heavy initial burden on the claimant to establish the existence of a disabling impairment. See Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987); Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991). To satisfy that burden, the claimant must prove that his

3

impairment prevents him from performing his former type of work. See Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985) (citing Goodermote v. Secretary of Health and Human Services, 690 F.2d 5, 7 (1st Cir. 1982)). Nevertheless, the claimant is not required to establish a doubt-free claim. The initial burden is satisfied by the usual civil standard: a "preponderance of the evidence." See Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982).

In assessing a disability claim, the Commissioner considers objective and subjective factors, including: (1) objective medical facts; (2) the claimant's subjective claims of pain and disability as supported by the testimony of the claimant or other witnesses; and (3) the claimant's educational background, age, and work experience. See, e.g., Avery v. Secretary of Health and Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote, 690 F.2d at 6. Provided the claimant has shown an inability to perform his previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that he can perform. See Vazquez v. Secretary of Health and Human Services, 683 F.2d 1, 2 (1st Cir. 1982). If the Commissioner shows the existence of other jobs which the claimant can perform, then the overall burden remains with the claimant. See Hernandez v. Weinberger, 493 F.2d 1120, 1123 (1st Cir. 1974); Benko v. Schweiker, 551 F. Supp. 698, 701 (D.N.H. 1982).

4

When determining whether a claimant is disabled, the ALJ is required to make the following five inquiries:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals a listed impairment;

(4) whether the impairment prevents the claimant from performing past relevant work; and

(5) whether the impairment prevents the claimant from doing any other work.

20 C.F.R. § 404.1520. Ultimately, a claimant is disabled only if his:

physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .

42 U.S.C. § 423(d)(2)(A).

With those principles in mind, the court reviews claimant's motion to reverse and the Commissioner's motion to affirm his decision.

### Background[2]

Pursuant to this court's Local Rule 9.1(c) and (d), the parties have filed a Joint Statement of Material Facts and a List

---

[2]The background facts are taken from the parties' Joint Statement of Material Facts with some supplementation from the record.

of Disputed Facts Proposed By Defendant.  As these documents are part of the court's record (documents 10 and 12), a lengthy recitation of facts in this order is not necessary.  Therefore, only a brief account of background facts and procedural history follows.

Claimant was born on September 3, 1952; she was 44 years old at the time the ALJ issued his decision denying her benefits.  She attended school through the 12th grade and earned her GED the next year.  (R. at 134.)[3]  She has also taken some college-level night classes.  She has worked in the past as an ultrasonic slitter, which involved operating a machine that slits velcro into desired widths, (R. at 134); a stock person at a department store; a clerical worker; a packer; and a precision winder of resistors.

On July 21, 1995, claimant filed an application for Social Security Disability Insurance Benefits,[4] alleging an inability to work due to her disabling condition starting on November 15, 1993.  She described her disabling conditions as a back injury

---

[3]Citations to the record are to the certified transcript of record filed by the Commissioner with the court.

[4]Claimant had filed a prior application in 1986, which was denied and the denial not appealed.  As the current application was filed more than four years after the previous one, the ALJ found no cause to reopen the prior application.  Thus, the 1995 application is the one at issue here.

sustained in a car accident and stress. (R. at 130.) She also reported that she had been told by her doctor that she could not work due to chronic back pain, chronic abdominal pain and depression. (R. at 133.) In a request for reconsideration, she noted experiencing additional symptoms of chronic pelvic pain and severe depression. (R. at 109.)

The Commissioner denied claimant's application for benefits both initially and on reconsideration. Claimant requested a hearing before an ALJ, which was held on August 26, 1996. The ALJ issued a decision on September 24, 1996, finding that claimant was not disabled. The ALJ found that claimant met the Act's special earnings requirement as of the date she alleged her disability started through March 31, 1999. Finding that an effort by claimant to work in late 1995 was an "unsuccessful work attempt," the ALJ determined that claimant had not engaged in any substantial gainful activity since the onset of her disability. (R. at 41.) The ALJ also found that claimant had severe impairments consisting of chronic lumbar strain with sciatica, chronic stomach or pelvic pain, and a psychiatric condition "with elements of depressive, posttraumatic stress, social phobia, and personality disorders." (R. at 42.) He found that these impairments did not, however, meet or equal a listed impairment.

7

At step four of the sequential analysis, the ALJ found that in light of claimant's back pain, she had the residual functional capacity ("RFC") to lift and carry 20 pounds occasionally and 10 pounds frequently. The ALJ considered claimant's subjective complaints of pain and concluded that they were not fully supported by the evidence. He found that claimant's pain was not constantly severe, but would "occasionally flare[] up to severe levels." (R. at 45) The ALJ concluded that while claimant's abdominal/pelvic pain imposed some work limitations, it did not restrict claimant's RFC any more that her back pain already had.

With regard to claimant's psychiatric disorders, the ALJ concluded that claimant's daily living activities and social functioning were "only slightly limited," while her concentration and task-completion abilities were "more moderately limited." (R. at 44-45.) He found no evidence of decompensation in a work or work-like environment. He concluded, therefore, that while "claimant would be limited in her ability to perform work that required understanding, remembering, and carrying out complex instructions[,] [s]he could perform simple, semi-skilled work." (R. at 45.)

The ALJ noted that claimant had worked in the past assembling and packing computers and inputting clerical data. He classified that work as sedentary to light and not complex. He

8

therefore found that claimant could perform her past relevant work as an assembler/packer and clerical (data input) worker. Accordingly, the ALJ ended his analysis at step four and concluded that claimant was not disabled.

The ALJ's decision became the final decision of the Commissioner on June 3, 1998, when the Appeals Council denied claimant's request for review. Claimant now appeals to this court.

## Discussion

Claimant argues that the ALJ's decision contains a number of errors. She focuses on the ALJ's alleged failure to properly evaluate her subjective complaints of pain and his failure to give proper weight to the findings of her treating practitioners. The court finds, however, that a different error, one addressed less prominently in claimant's brief, warrants remand.

A claimant's disability claim will fail at step four of the sequential analysis if she has the RFC to perform either 1) "'the actual functional demands and job duties of a particular past relevant job,'" Santiago, 944 F.2d at 5 (quoting SSR 82-61), or 2) "the functional demands of that occupation as customarily required in the national economy," id. at 5 n.1. The ALJ appears to have found that claimant satisfies the first test. To make

9

either finding, the ALJ was required to determine the physical and mental demands of claimant's prior relevant work and then decide whether claimant could meet them given her RFC. See Santiago, 944 F.2d at 5. The decision must set forth sufficient supportive findings of fact:

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
> 1.  A finding of fact as to the individual's RFC.
> 2.  A finding of fact as to the physical and mental demands of the past job/occupation.
> 3.  A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62, 1982 WL 31386 at *4.

Here, the ALJ made the first and third findings without making the second. Claimant notes that at the hearing, the ALJ "did not question her about . . . the specific work demands when she was a [slitter], or her clerical work. He did not ask her why she could not go back to any of her past work." (Cl.'s Br. at 3.) Claimant criticizes the ALJ for having "generally relied upon the claimant and her counsel to develop her physical impairments, limitations and nonexertional restrictions due to depression." Id.

The admonition given in Gray, 760 F.2d at 372, applies equally to claimant here: "[I]t is the claimant, not the [Commissioner] (or ALJ), who has the burden of proving inability

10

to perform her former type of work.  That burden necessarily includes an obligation to produce evidence on that issue."  Thus, claimant must introduce evidence of the mental and physical demands of her past relevant work and indicate how her alleged impairments prevent her from meeting those demands.  See Santiago, 944 F.2d at 5.  Such evidence may be introduced through claimant's testimony at the hearing, her written application, or additional documentation submitted to the agency.  Id.  Failure to present such evidence leads to a finding of nondisability.  See id. at 7; Gray, 760 F.2d at 375.

Nevertheless, the "ALJ may not simply rely upon the failure of the claimant to demonstrate that the physical and mental demands of her past relevant work can no longer be met, but, once alerted by the record to the presence of an issue, must develop the record further."  Santiago, 944 F.2d at 5-6 (internal quotation marks, brackets, and emphasis omitted).  Claimant's stated reasons for being unable to perform her past relevant work are vague.  For instance, she stated on her application that "[b]ecause of the problem with my back I cannot presently perform the jobs I've been trained for satisfact[ori]ly."  (R. at 130.)  Claimant's medical records, however, provide a better explanation.  In her office notes of April 3, 1995, Bridget Bettencourt, PA-C, stated:

11

> The patient is requesting something for her back pain, as well as a note stating her current disability. She is currently taking OTC anti-inflammatories which help minimally with her pain. Apparently whenever she's gone back to previous jobs, she has had to do some degree of lifting which has caused her to be unable to work for several days secondary to worsening pain.

(R. at 166.) The court finds that there was information in the record sufficient to "alert[] . . . [the ALJ] to the presence of an issue," Santiago, 944 F.2d at 6 (internal quotation marks and emphasis omitted), and trigger his duty to further develop the record. Cf. May v. Bowen, 663 F. Supp. 388, 393 (D. Me. 1987)(claimant adequately raised issue of inability to perform past work where medical evidence showed claimant to be at risk of having a major stroke and claimant stated in her vocational report that all of her past jobs had been "'pressure jobs'").

Having previously determined that claimant could engage in a limited range of light work (the limitation being an impaired ability to understand, remember and execute detailed or complex instructions), the ALJ stated his findings at step four as follows:

> In the past, the claimant has worked as an assembler and packer of computers and as a data input clerical. This work is sedentary to light in its exertional requirements and is not complex in nature. I find that the claimant's past relevant work as a[n] assembler/packer and data input clerical is not precluded by the claimant's current residual functional capacity. Therefore, the claimant is not disabled within the meaning of the Social Security Act.

12

(R. at 46.)  The ALJ provided no basis for his finding that assembler/packer and data input tasks constituted sedentary to light work and were not complex.  This omission prevents the court from finding that the ALJ's decision is supported by substantial evidence.  See Pfitzner v. Apfel, 169 F.3d 566, 568 (8th Cir. 1999)(noting 8th Circuit's position that conclusory statements that a claimant can perform past work, unsupported by the specific findings required by SSR 82-62, do not amount to substantial evidence).

Claimant opines that her past work is "most closely approximate[d]" by the listing in the Dictionary of Occupational Titles ("DOT") of "assembler, semi-conductor," DOT Occupational Code Number 726.684-034.  (Cl.'s Br. at 14.)  Describing that occupation as a "light, semi-skilled job,"[5] claimant challenges the ALJ's finding that she has the RFC to perform it.  Her attempt to provide some rationale for the ALJ's decision, albeit with the ultimate purpose of proving it flawed, is both

---

[5] Claimant appears to be mistaken on this point.  The occupation with the code number 726.684-034 and title "assembler, semiconductor," is classified in the DOT as a sedentary job with a specific vocational preparation (SVP) rating of 3 (meaning that it requires a training period of "[o]ver 1 month up to and including 3 months," DOT, App. C).  Claimant may have intended to refer to the job of electronics assembler, Occupational Code Number 726.684-018, which is rated at the light exertional level and has an SVP rating of 4 (requiring a training period of "[o]ver 3 months up to and including 6 months," DOT, App. C).

13

unnecessary, as discussed above, and overly generous to the Commissioner.

First, while the ALJ could have referred to the DOT to determine the physical and mental demands of claimant's prior relevant work without having to obtain that information through the claimant's testimony, see Gray, 760 F.2d at 372, he did not expressly claim to have done so. Nor should the court assume or infer that he did. See Pfitzner, 169 F.3d at 569 (holding that although it could be argued that the ALJ implicitly referred to the DOT in stating that an occupation was described as medium work and semiskilled, "the lack of an express reference reflects more than a mere deficiency in opinion-writing in this case" that would not necessitate reversal). Moreover, even if the court could assume that the ALJ made his determination by reference to the DOT, there is no way of knowing whether he relied on the listing that claimant, or even this court, might think most closely describes claimant's past relevant work. Cf. French v. Apfel, 1999 WL 592439 at *4 (N.D.N.Y. July 14, 1999)(ALJ's decision not supported by substantial evidence where "nowhere is the term 'office worker' listed in the DOT, and it is thus unclear how the ALJ arrived at the conclusion that office work is usually sedentary in nature").

14

Claimant's analysis is also overly generous to the Commissioner because it considers only one of a number of tasks performed as part of claimant's prior work, which task may well require a lesser exertional capacity than others performed in the same job. Such a bifurcated approach by an ALJ is impermissible. As the Ninth Circuit has held, "[e]very occupation consists of a myriad of tasks, each involving different degrees of physical exertion. To classify an applicant's 'past relevant work' according to the least demanding function of the claimant's past occupations is contrary to the letter and spirit of the Social Security Act." Valencia v. Heckler, 751 F.2d 1082, 1086 (9th Cir. 1985).

Thus, in order to conclude that a claimant can perform her past relevant work, the ALJ must find that she is "capable of performing all of the duties of that job." Armstrong v. Sullivan, 814 F. Supp. 1364, 1372 (W.D. Tex. 1993)(emphasis added). This is true even where claimant's prior job combined the duties of occupations that also exist separately in the national economy. See, e.g., id. (claimant previously worked as both cook and cashier in a restaurant); Taylor v. Bowen, 664 F. Supp. 19, 22 (D. Me. 1987)(claimant's prior job was described in the record as "'combination receptionist, general office clerk'").

15

The ALJ found that claimant had previously "worked as an assembler and packer of computers and as a data input clerical." (R. at 46.) Although the statement appears to describe two jobs, the record suggests that the ALJ may have been referring to a single job, namely, claimant's employment at Computervision from January, 1984, to December, 1987.[6] Claimant described her duties in that job as follows: "Cleaned, assembled, and packed computers for shipping. Also worked in purchasing entering & deleting purchase orders on computer." (R. at 134.) Claimant's data entry tasks in this job were probably sedentary, see DOT Occupational Code Number 203.582-054 (describing the occupation "data entry clerk (clerical)" as sedentary), and would not be precluded by the RFC found by the ALJ. However, even if, as claimant suggests, her computer assembly tasks can be classified as light work, and therefore also arguably open to claimant based on the ALJ's determination of her RFC, the Computervision job

_____

[6]Whatever the ALJ's intended reference, the Computervision job may be the only past relevant work that could supportably be described as "data input." The extent to which claimant's other clerical jobs may have involved computer data entry is unclear. Claimant described the duties of her temporary position at First NH Bank, which lasted approximately one month, as "[s]orted & handled all of N.E. Tel. Bills," (R. at 134.), and "[r]esponsible for routing incoming mail to the appropriate departments," (R. at 226). Claimant also worked in the City Clerk's office for the City of Manchester, apparently in the personnel department. The record does not clearly indicate what duties that job required.

16

also involved packing computers.  That task may well have required a greater exertional capacity than the ALJ found claimant had.  See DOT Occupational Code Number 920.587-018 (describing the occupation "packager, hand (any industry)" as medium work); DOT Occupational Code Number 920.685-078 (describing the occupation "packager, machine (any industry)" as medium work).

Accordingly, the ALJ's decision is not supported by substantial evidence.  On remand, the ALJ should determine, based on substantial testimonial and/or documentary evidence, what physical and mental demands were imposed by all of the duties of claimant's past relevant work, and whether claimant can meet those demands given her RFC.  Of course, if the ALJ finds that claimant cannot perform her past relevant work, he must go on to step five of the sequential analysis.


## Conclusion

For the foregoing reasons, the claimant's motion to reverse and remand the Commissioner's denial of benefits (document no. 7) is granted and the Commissioner's motion for order affirming the decision of the Commissioner (document no. 11) is denied.  Pursuant to sentence four of 42 U.S.C. § 405(g), the case is

17

remanded to the ALJ for further proceedings consistent with this decision.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 30, 1999

cc:  Raymond J. Kelly, Esq.
     David L. Broderick, Esq.